## JOHN COOL, JR. *&* al. vs. ORRIN L. CROMMET *&* al.

It is not necessary to the legality of a town way, that the return of the selectmen of their doings in locating the way should be recorded before it is offered to the town for acceptance.

Notice of the intended location of a town way by the selectmen, given either to the mortgagor or mortgagee in the actual possession of the land, is sufficient.

A surveyor of highways may lawfully remove a fence across the highway without first requiring the owner of such fence to remove it.

Trespass cannot be maintained by the proprietor of unfenced land against one employed in making a road, whose cattle, used in the work, strayed upon the land against the will of their owner.

When persons employed in constructing a new highway necessarily enter upon the adjoining land, doing as little damage as may be; they do not thereby render themselves liable to an action of trespass.

TRESPASS *quare clausum* for breaking and entering the close of the plaintiffs in *Waterville,* between the 1st and 16th of *September,* 1833, ploughing up their soil, and with cattle treading down their grass, and destroying their produce. The defendant, *Orrin*

Cool *v.* Crommet.

*L. Crommet,* justified as a surveyor of highways for that year in entering upon the land in question, as a public highway, and making a town road, and the other defendant justified, as acting by his direction. It was admitted, that *O. L. Crommet* was a surveyor of highways, and that the *locus in quo* was within the limits of the district assigned to him by the selectmen. The principal question was, whether the road was legally laid out by the selectmen of *Waterville.* The selectmen went upon the land, and laid out the road, and made a return of their doings in writing to the town clerk, before the warrant was made to call the meeting of the inhabitants of the town at which the road was accepted ; but their return was not recorded by the town clerk prior to the town meeting. The article in the warrant calling the meeting recited the whole return of the selectmen, in which they particularly describe the road laid out, and states the names of the persons over whose land the road passed, and that they were all severally duly notified. Among these was *John Cool,* but the plaintiffs were not named. The road was duly accepted by the town. The plaintiffs objected, that the road was not laid out according to law, because that they owned the land at the time, and were not notified. It was proved, that prior to the laying out of the road, *April* 8, 1829, *John Cool,* father of the plaintiffs, conveyed the land to them, and took a mortgage back for the consideration money, but neither of these deeds have ever been recorded. *John Cool* remained in possession, as before, and it was proved, that the conveyance was made to enable *John Cool* to obtain a pension by an apparent reduction of his property. It was also proved, that *John Cool* paid taxes for the land for several years after the deeds were made, and that one of the plaintiffs in making a return of his valuation gave in no land of his own, but stated this to belong to his father ; and that it was not known to persons living near to the land, that the plaintiffs claimed or owned it, until after the commencement of making the road. It was also proved, that *John Cool* summoned a witness and paid him his fees for attending the trial of this action. It was proved likewise, that *John Cool* was on this land and other land of his adjoining with the selectmen, when they laid out the road. It appeared, that the defendants removed about three

lengths of fence extending across the road, and that while making the road, and when it was necessary to use more than one yoke of oxen, the forward cattle would frequently pass upon the land adjoining the road ; and that several times the oxen employed in making the road strayed off some rods from the road on the adjoining land which was not fenced upon the road, but that no intention or disposition was manifested by the defendants, or by others in their employment, to do any injury to the land adjoining the road, which could be avoided.

After a partial trial, a commissioner was agreed on to repair to the land and report .the facts proved to his satisfaction ; and from that report the preceding statement was taken. The case was submitted to the determination of the Court on the commissioner's report, and the papers in the case.

*D. Williams,* for the plaintiffs, contended :

1. The proceedings are void, because the doings of the selectmen were not recorded prior to the town-meeting at which the road was accepted. The case of *Commonwealth* v. *Merrick,* 2 *Mass. R.* 529, is conclusive on this point.

2. The case finds, that the plaintiffs were not notified. The record of the laying out is not evidence of notice to any one. It must be shewn in evidence from other sources. *Harlow* v. *Pike,* 3 *Greenl.* 438.

3. But if *John Cool* had been the owner of the land, instead of the plaintiffs, he was not notified. The record being no evidence of that fact, the only proof is, that he was casually on the land among others when the selectmen were there. The road was over land of his separate from this. The owner should have due notice, and time to prepare. ·*Howard* v. *Hutchinson,* 1 *Fairf.* 335. Being casually on the land was no proof of notice even to *John Cool. Keen* v. *Stetson,* 5 *Pick.* 494.

4. If the road was legally laid out, still the action is supported, and the defendants are trespassers. The defendants had no right to remove the fence without first giving notice to the plaintiffs. They had no right to go upon the plaintiffs' land for their convenience in making the road, nor to let their cattle commit a trespass. It is not necessary to prove an actual disposition to do mischief. It is enough, that a trespass has been committed on the

Cool v. Crommet.

plaintiffs' land through their means. Even in case of an involuntary trespass there is no defence without tender of amends.

*Boutelle*, for the defendants.

There is no reason why the laying out of the selectmen should be recorded on the town records before the acceptance of the road. The *statute*, *ch.* 118, does not require it, and the practice has always been otherwise. The remark of the Judge in the case referred to has never been considered law. It is enough, that when it becomes valid by the acceptance of the town, it should be recorded.

The courts have holden, that parties interested should be notified of the intention to lay out the road. But the courts will also allow of constructive notice. But notice in this case was given to the right person. It was given to the real owner of the land; to the mortgagee in possession. He was proved to be present at the time with the selectmen, and knew the object of their being there. But even this is a too favorable view for the plaintiffs, for the deeds never were recorded, nor were their existence known among the neighbors. The courts in making the rule, that the owner of the land is entitled to notice, will see, that it is not made the means of fraudulently preventing the selectmen from performing their duty in laying out roads. On the facts the Court might properly consider, that there had been a foreclosure, or that as the deed was given to defraud the public, that it was void from the beginning.

The removal of the fence across the road was but the abatement of a nuisance. As there was no fence upon the road, the plaintiffs cannot complain that cattle strayed upon the land. There was no more injury done to the land adjoining the road, than was absolutely necessary in order to make the road, and this is allowable. *Stackpole* v. *Healey*, 16 *Mass. R.* 33. But even if an action could be maintained for this cause, yet as it would be an injury to the possession which was in others, the plaintiffs could not maintain it.

The opinion of the Court, at a subsequent term, was drawn up by

WESTON C. J. — The *statute* does not require that the doings of the selectmen in laying out a road should be recorded, previous

to its being offered to the town for acceptance. And although according to the marginal note, in the *Commonwealth* v. *Merrick*, 2 *Mass. R.* 529, that was held to be necessary, yet it does not appear, upon examining the case, that the court adjudged it necessary that the doings of the selectmen should be recorded, before the subject is brought before the town for their consideration.

In the case of *Harlow* v. *Pike*, and in that of *Howard* v. *Hutchinson*, cited in the argument, it was held that notice should be given, upon the principles of common justice, to the owners of the lands, over which a town road is intended to be located, previous to its being laid out; although a requirement to this effect is not to be found in the statute. But the notice thus judicially held necessary, must have a reasonable construction. While it was intended to afford an opportunity to the owners of the land to be heard, it may be very questionable, whether it was designed that public officers, in the discharge of their duties, are to be considered bound to take notice at their peril of a latent interest, which they had no means of ascertaining; and which the parties concerned had studiously concealed. But without placing this part of the cause upon the peculiar circumstances, attending the title of the plaintiffs as reported, we are of opinion, that notice given either to the mortgagor, or to the mortgagee, being the tenant actually in possession, is sufficient. He has charge of the estate; and is to be regarded the owner, for the purpose of receiving a notice of this sort. And we are of opinion, that if it appear in the record of the proceedings, that such previous notice was given by the selectmen, that it is at least *prima facie* evidence of the fact.

With regard to the removal of the three lengths of fence, which crossed the road, it is expressly authorised by the fourteenth section of the act in relation to highways, *statute* of 1821, *ch.* 118; and he may exercise this authority, without first requiring the owner of the fence to remove it.

The surveyor with his assistants, and such teams as were necessary, were rightfully in the road, in the regular discharge of their duty, and if the cattle strayed on to the plaintiffs' land, being lawfully in the highway, against the will of the defendants, they are not trespassers. *Dovaston* v. *Payne*, 2 *Hen. Black.* 527.

*Stackpole et al.* v. *Healey*, 16 *Mass. R.* 33. The report of the commissioner states, that when it was necessary to use two yoke of oxen in scraping, while making the road, the forward cattle in turning, would frequently pass on to the plaintiffs' land. If this was caused by the voluntary act of the defendants, it may be understood to have been necessary ; for the report finds, as well in reference to this part of the case, as to the fact that the cattle strayed on to the plaintiffs' land, that no intention or disposition was manifested, either by the defendants, or any other persons in their employment, to do any injury to the land adjoining the road, which could be avoided. If the road could not be made, without turning the forward cattle sometimes on to the land adjoining, the defendants cannot be adjudged trespassers for so doing. They were not only engaged in a lawful act, but in the discharge of a duty, which they were bound to perform. The law which justifies the act, and imposes the duty, will protect them in the use of all necessary means.

Upon a view of the whole case, we are all of opinion, that the defendants are entitled to judgment.