45 429
70a 521

STATE OF MISSOURI, Respondent, *v.* MOSES HIRSCH, Appellant.

1. 'Crimes and punishments — Indictment — Peddlers' goods, etc., not the produce of this State — Burden of proof.—In an indictment brought under the act concerning peddlers (Wagn. Stat. 979, § 1), the proof not being peculiarly within the knowledge of defendant, it devolves upon the State, in order to insure conviction, to prove that the goods, wares, and merchandise sold were not the growth, produce, or manufacture of this State. In such case full and plenary proof is not required, but sufficient to make out a *prima facie* case will be necessary.

*Appeal from Fourth District Court.*

*C. D. Burgess*, for appellant, cited 1 Greenl. Ev., § 78 ; Commonwealth v. Isaac Samuel, 2 Pick. 103 ; Rex ·v. Rogers, 2 Campb. 654.

*Johnson & Boardman*, for respondent.

The averment that the goods sold were not the growth, produce, or manufacture of this State is peculiarly within the knowledge of the accused, and should be established by him in his defense. (1 Am. Crim. Law, §§ 614–15, 6th ed. ; State v. McGlynn, 34 N. H. 422.)

WAGNER, Judge, delivered the opinion of the court.

The appellant was indicted under the first section of the statute concerning peddlers, for selling goods, wares, and merchandise not the growth, produce, or manufacture of this State, without license. (2 Wagn. Stat. 979, § 1.) On the trial, the prosecution gave evidence proving the acts of selling and going from place to place, but no evidence was introduced to establish the character of the goods sold. The trial was before the court without a jury; and the appellant asked an instruction that, before the court could find him guilty, it must believe from the evidence that he dealt as a peddler without license, in selling goods, wares, and merchandise which were not the growth, produce, or manufacture of this State. This instruction the court refused to give, and then found the defendant guilty, and entered up judgment, assessing a. fine against him, which judgment the District Court affirmed. The only question is on which side was the burden of proof cast. The general rule is familiar to all, that the burden of proof is on the party holding the affirmative ; but to this rule there are some exceptions. Thus, in an indictment for keeping a ferry and ferrying people without license, or a dram-shop, and selling liquor without license, it is incumbent on the defendant to show that he is licensed. (Wheat v. State, 6 Mo. 455 ; Schmidt v. State, 14 Mo. 137.) In these cases the acts are in themselves unlawful, and the proof lies peculiarly

within the knowledge of the defendants, and is easily producible by them. But in other cases, where it requires the application of extrinsic evidence to make out the case, the averment, although negative, should be accompanied with at least *prima facie* proof. It has been so held in cases of prosecutions for penalties, given by statutes, for coursing deer in inclosed grounds, not having the consent of the owner (Rex v. Rogers, 2 Campb. 654; Rex v. Jarvis, 1 East. 643, note); or for cutting trees on lands not the party's own; or taking other property, not having the consent of the owner (Little v. Thompson, 2 Greenl. 128; Rex v. Hazy *et al.*, 2 C. & P. 458); or for selling, as a peddler, goods not of the produce or manufacture of the country (Commonwealth v. Samuel, 2 Pick. 103). In these and the like cases, full and plenary proof on the part of the affirmant could hardly be expected; but still it would be necessary for the party alleging the violation, and seeking the benefits or the penalties of the statute, to make out a *prima facie* case by some accompanying evidence of the fact constituting the offense. I think, therefore, the instruction should have been given; and because the same was refused, the judgment will be reversed and the cause remanded.

Reversed and remanded. The other judges concur.