## JAMES S. SCOTT V. SWAN LINGREN.

TRESPASS *by Swine; What Plaintiff Must Show.* Proof that defendant's swine, while running at large, trespassed upon the cultivated fields of plaintiff and destroyed his grain, does not by itself alone establish a liability upon the defendant. The plaintiff must, in addition, show that the fields were in a township in which the hog law was in force, or some other matter of equal effect.

### *Error from Clay District Court.*

LINGREN had judgment against *Scott* at November Term, 1877, of the district court, and *Scott* brings the case here for review.

*C. M. Kellogg*, for plaintiff in error.

*C. M. Anthony*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The bill of particulars alleged that defendant's hogs had been running at large, and trespassed on the

cultivated fields of plaintiff, and destroyed grain. There was nothing in the pleading showing whether plaintiff's fields were inclosed by a legal fence, or whether the fields were in a township in which the hog law had been suspended. The plaintiff's evidence followed his pleading, proved its allegations, and no more. There was, therefore, no evidence as to the condition of his fences, or concerning any suspension of the hog law. A demurrer to the evidence was overruled, and this presents the sole question for our consideration.

The statute provides, first, that all persons owning swine shall keep them from running at large; and second, that the voters of any township may by vote exempt the township from the operation of that statute. (Gen. Stat., p. 1011, §§ 46 and 47.) In other words, in the absence of any vote of a township, the hog law is in force in it, and swine must be kept up; but by an affirmative vote the hog law may be suspended, and then swine may run at large, and the land-owner must protect his fields by a legal and sufficient fence. Now did the plaintiff make out his case without showing which rule was in force in the township in which the trespass was committed? We think not. The trespass by the defendant's swine may or may not have given him a right of action, and that depended upon the further question whether or not the hog law was in force. There was no presumption that it was, or was not, in force. It was a question of fact, to be determined upon evidence. This case puts upon the plaintiff, it is true, the burden of proving a negative — that there had been no vote. But no matter; the fact was as accessible to him as to the defendant. It was not like a license, a matter peculiarly within the knowledge of the licensee. (*The Territory v. Reyburn*, McCahon, 135.) Upon the facts as proved, the court could not say that defendant was at fault in the least respect. If the law authorized him to suffer his swine to run at large, and he did no more than the law authorized, he was guilty of no neglect, no wrong, and could not be mulcted in damages.

The judgment of the court below must be reversed, and the case remanded for further proceedings.

HORTON, C. J., concurring.

VALENTINE, J., dissenting.