THE STATE OF KANSAS V. CARL KUHUKE.

1. INTOXICATING LIQUOR, *Unlicensed Sale of; Burden of Proof.* In a criminal prosecution against K., under § 3 of the dramshop act of 1868 (Comp. Laws of 1879, p. 386), for selling intoxicating liquor without taking out or having a license for that purpose, the defendant pleaded not guilty. Afterward, and upon the trial, the defendant admitted that he sold the intoxicating liquor at the time and place charged in the complaint; *held*, that it then devolved upon the prosecution to show that the defendant did not have a license authorizing him to sell intoxicating liquor.

2. LICENSE; *Burden of Proof.* The said intoxicating liquor was sold in a city of the third class, and the defendant at the trial introduced a license in evidence, in due form and executed by the proper officers of said city, authorizing him to sell intoxicating liquor in said city: *Held,* That said license was *prima facie* valid; but if in fact void, it devolved upon the prosecution to show its invalidity.

## *Appeal from Wilson District Court.*

PROSECUTION by *The State* against *Kuhuke,* for an alleged violation of § 3 of the dramshop act. Trial at the September Term, 1880, of the district court, and verdict and judgment against *Kuhuke,* who appeals. The opinion states the facts.

*C. C. Chase,* and *B. M. Short,* for appellant.

*T. J. Hudson,* county attorney, *S. S. Kirkpatrick,* and *James A. McHenry,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution under § 3 of the dramshop act of 1868, (Comp. Laws 1879, p. 386.) Said § 3, so far as it is necessary to quote it, reads as follows:

"SEC. 3. Any person, without taking out and having a license as grocer, dramshop keeper or tavern keeper, who shall, directly or indirectly, sell any spirituous, vinous or fermented or other intoxicating liquors, shall be fined in any sum not more than one hundred dollars for each offense."

The complaint reads as follows:

"STATE OF KANSAS, COUNTY OF WILSON, SS.

"M. L. Moody, on his oath says, that at the county of Wilson, and state of Kansas, and in a frame building now known as Kuhuke's saloon, and situated on the northwest corner, lot six (6), in block twenty-one (21), in the city of Fredonia, one Carl Kuhuke did, on or about the first day of July, 1880, commit the offense of unlawfully selling intoxicating liquor without then and there having a legal license, as provided by the laws of the state of Kansas."

The defendant pleaded "not guilty" to this complaint. A trial was had before the court and a jury; and at such trial, the defendant, by his counsel, admitted the selling of the intoxicating liquor, at the time and place charged in the complaint, and upon such admission the state, by its attorneys, rested its case. The defendant then offered to introduce in evidence a license, issued by the proper officers of the city of Fredonia, to sell intoxicating liquor and to keep a dramshop in said city. The attorneys for the state admitted that the city of Fredonia was a city of the third class; that the license was in due form; that the signatures thereto were genuine, and were the signatures of the proper officers to issue the license; but objected to the introduction of the license in evidence for incompetency, and the court sustained the objection, upon the ground that before the license could be introduced the defendant must show that all preliminary steps had been taken and all things had been done necessary to authorize the officers of the city of Fredonia to issue the license. The defendant then attempted to prove all the preliminary matters authorizing the issuing of the license, and after making this proof *prima facie* at least, the court permitted the defendant to introduce the license in evidence. The plaintiff then introduced some rebutting evidence, and both parties then rested. The court then instructed the jury.

Upon the question of "reasonable doubt," the court instructed the jury properly, except that the court stated that the reasonable doubt "must arise out of the evidence." The court also instructed the jury, among other things, as follows:

"And with regard to the question as to whether or not the

defendant in this case is guilty beyond a reasonable doubt, it becomes necessary to add that, inasmuch as the defendant conceded the selling of the liquor referred to, the state, so soon as that concession was made, had a *prima facie* case, and was entitled to the presumption that the defendant was guilty. It then became the duty of the defendant to remove that presumption by such testimony as to his having obtained authority to make such sale as would create a reasonable doubt as to his guilt, as such reasonable doubt has just been explained to you. You should consider all the evidence introduced in the trial of the case, together with the presumption of guilt which has arisen from the admission by the defendant, as well as his presumption of innocence, and if there shall then remain this reasonable doubt of the defendant's guilt, he should be acquitted."

The jury found the defendant guilty as charged in the complaint. The defendant made a motion for a new trial, which motion was overruled. And then the court rendered judgment in favor of the state and against the defendant, sentencing the defendant to pay a fine of ten dollars and the costs of suit, and that he stand committed to the county jail until the fine and costs were paid. The defendant now appeals to this court.

The first question arising in the case is, upon whom rested the burden of proof with regard to the license? The court below decided that it rested upon the defendant to show that he had a valid license, while the defendant claims that it rested upon the state to show that he did not have a license. This question has been virtually decided by previous decisions of the supreme court of Kansas, (*The Territory of Kansas v. Reyburn,* McCahon, 135; same case, 1 Kas., Dassler's ed., 551; *Scott v. Lingren,* 21 Kas. 184;) and unless strong reasons can now be given for adopting a different rule, we should follow such decisions. The case virtually comes within the rule of *stare decisis.* These decisions virtually hold that upon the state rests the burden of proof. The first case was where William S. Reyburn was prosecuted for keeping a ferry without a license, and the court held that it devolved upon the state, then territory, to show that the defendant did not

have a license. The next case was where James S. Scott was prosecuted by Swan Lingren for allowing his (the defendant's) swine to run at large and to trespass upon the plaintiff's field. The general statutes provided that swine should not be allowed to run at large, but also provided that the voters of any township might by a vote permit, or in effect grant license permitting swine to run at large. The court in this case held that it devolved upon the plaintiff, Lingren, to prove that the voters had not granted the license permitting swine to run at large; and that it did not devolve upon the defendant, Scott, to show that the voters had granted the license permitting him and others to allow their swine to run at large; and the court in this same case cited the case of *The Territory v. Reyburn*, McCahon, 135, approvingly. In the case of *The State v. Smith*, 13 Kas. 274, it is said, Chief Justice KINGMAN delivering the opinion of the court, that, "It may be considered law in this country generally, that the burden of proof in criminal cases is on the state, and that this burden never changes. It is true that there are some decisions seemingly adverse to this opinion; but they are few, and do not rest on sound reasoning." Also see *Carl Horne v. The State*, 1 Kas. 42. It will be noticed that under the statute, and under the complaint in this case, the defendant is not prosecuted merely for selling intoxicating liquor, but is prosecuted for selling intoxicating liquor *without having a license* therefor. If the complaint had merely stated that the defendant sold intoxicating liquor, and had not also stated that he sold it without having a legal license therefor, it would not have stated any offense. (*The State v. Pittman*, 10 Kas. 593.) The complaint would have been entirely insufficient. It would not have stated one of the ingredients necessary to constitute the offense.

There has been some conflict in the authorities with reference to this question; but we think the conflict arises from a want of sufficient discrimination between the different kinds of licenses. If the possession of the license is a purely extrinsic defense, and the want of a license does not constitute

any ingredient of the offense charged, then we would think it would devolve upon the defendant to prove the license; but where the want of a license inheres in the offense itself, and where the offense cannot be committed except where the supposed offender has no license, then we think it devolves upon the state to allege and prove the want of the license. Dr. Wharton, in his work on Criminal Evidence, § 342, says: "When the non-existence of the license is not averred in the indictment, and when the license is particularly within the knowledge of the party holding it, the burden is on him to produce such license in all cases in which the existence of the license is in question. On the other hand, when the non-existence of the license is averred in the indictment, and is essential to the case of the prosecution, it is proper, if we follow the rules already announced, to hold that non-license must be proved by the party to whose case such proof is essential." It may be that, where the knowledge of the existence of the license, and the proof of the same, are peculiarly within the possession of the defendant, that the rules of evidence would require that the defendant should produce the license; but where the reason upon which such rule is founded fails, the rule itself must fail—that is, where the knowledge of the existence or non-existence of the license, and the proof of such existence or non-existence, can be obtained as easily by the prosecution as by the defense, it should certainly devolve upon the prosecution to produce such proof, whenever the non-existence of the license is essentially necessary to the case of the prosecution. This view of the question, we think, is in accordance with the later and better-reasoned decisions. (*Commonwealth v. Thurlow*, 41 Mass. [24 Pick.] 374; *Commonwealth v. Locke*, 114 id. 288; *Mehan v. The State*, 7 Wis. 670; *The State v. Evans*, 5 Jones [N. C.] L. 250; *The State v. Hirsch*, 45 Mo. 429; *The State v. Richeson*, 45 id. 575; *Conyers v. The State*, 50 Ga. 103.) In Indiana it has recently been held in a civil action that "the general rule, deducible from the authorities, may be thus stated: Whoever asserts a right dependent for its existence upon a negative,

must establish the truth of the negative by a preponderance of the evidence." (*Goodwin v. Smith*, 72 Ind. 113, 117.*)

Where licenses are issued by public tribunals, like boards of county commissioners or the city councils of cities, there can be no necessity for requiring the party holding the license to produce the license where the proof of the existence or non-existence of the license should properly come from the other side; for such tribunals keep records, and the records will show whether any such license has ever been issued or not; whether any application has ever been made therefor or not, and whether any license has been refused or not. In all cases where the licenses are issued by public tribunals, it is just as easy for the prosecution to show that no license has ever been issued, as it is for the defense to show the opposite. The proof with reference to the issue of the license is not peculiarly within the possession of either party, but is accessible to both. Either party can obtain and produce the proof. Hence there is no necessity for violating the ordinary and well-established rules of evidence, or creating exceptions thereto, by requiring the defendant to produce the evidence to show that he has not committed a crime. In the present case, when the defendant admitted that he sold the intoxicat-

1. Intoxicating liquor, un-licensed sale of; burden of proof.

ing liquor, it then devolved upon the state to show that he had no license. It could not be presumed in the absence of proof that he had no license, and therefore that he had been guilty of committing a criminal offense against the laws of the state. "A defendant is presumed to be innocent until the contrary is proved. When there is reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted." (Cr. Code, § 228.) "The accused may stand upon the presumption of innocence until every material allegation and every ingredient of the crime are proved." (*Horne v. The State*, 1 Kas. 42.) And upon what ground can it be presumed that the defendant, when he sold the intoxicating liquor for which he is now

[*NOTE.—See this case, with an elaborate note, in 37 Am. Rep. 144, 146, 148, and 25 Alb. L. J. 124-5.—REPORTER.]

prosecuted, sold the same in violation of law, and thereby committed a criminal offense? It will certainly not be claimed that the majority of persons who were selling intoxicating liquor at the time that the defendant sold the intoxicating liquor for which he is now prosecuted, were selling the same in violation of law; for the facts were undoubtedly the reverse. The great majority of persons who were then selling intoxicating liquor were undoubtedly selling the same in accordance with law, and under licenses legally granted to them for that purpose; therefore, to presume that all persons who were selling intoxicating liquors at that time were selling the same in violation of law, is a presumption not only against law, but also against nearly all the facts, and is untrue in nearly every case. It is a presumption that no court or jury should entertain; and certainly no court should entertain it as a presumption of law. There is scarcely any reason for such a presumption, and nearly every reason is against it. We therefore think that the court below erred when it held that the defendant should be presumed to be guilty of selling intoxicating liquor *in violation of law*, when he admitted that he sold the intoxicating liquor for which he was then being prosecuted. This is sufficient to require a reversal of the judgment of the court below. But before closing this opinion, perhaps it would be proper to say that, when a license is issued by a public tribunal which has authority under certain circumstances to issue such licenses, the license should be presumed to be issued in accordance with law, and to be valid; therefore, where a license has been issued by a public tribunal, and it is claimed 2. License; burden of proof. that the license is invalid, it devolves upon the person claiming the same to show the invalidity of such license. We therefore think that the court below also erred in requiring the defendant to show that his license was valid. If the prosecution claimed that the license was invalid, it devolved upon the prosecution to show its invalidity.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.