(Decided 29th March, 1883.)

---

ANNAPOLIS AND ELKRIDGE RAILROAD COMPANY *vs.* RICHARD BALDWIN.

*Estray on Railway track—Injury to Railway train from colli-*
· *sion with Stock—Negligence—Action on the Case for Conse-*
*quential damages—Proximate cause—Action of Trespass.*

A railroad company is entitled to the unobstructed use of its road,. and where its cars and engine are thrown off the track and dam-. aged in consequence of a collision with an ox which was upon the track through the negligence of its owner, the injury is the direct result of the owner's negligence, and he is liable therefor.

If negligence is once admitted, or established, it is no answer that the defendant did not foresee the injury, or that the damage was greater than he anticipated.

In an *action on the case* to recover for *consequential damages* resulting from an estray, the plaintiff, to entitle himself to consequential damages, must allege and prove that the injury *was the result of the defendant's negligence.* If, however, the animal escaped from his. enclosure without the knowledge, and without any fault, of the defendant, he would not be liable in such action for consequential damages.

There can be no reason for extending the rigorous rule of the common law, which holds the owner liable in an action of trespass, whether his cattle escape through negligence or not, to an action on the case by a railroad company seeking to recover consequential dam-ages.

Annapolis and Elkridge R. R. Co. *vs.* Baldwin.

APPEAL from the Circuit Court for Anne Arundel County.

The appeal in this case was taken by the plaintiff from the judgment of the Court below sustaining a demurrer to his declaration, filed by the defendant. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, YELLOTT, STONE, ROBINSON, and RITCHIE, J.

*Phil. H. Tuck,* and *William H. Tuck,* for the appellant.

*Edward C. Gantt,* and *Frank H. Stockett,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The second and third counts in the declaration allege that the plaintiff's engine and cars, while making one of their regular trips between Annapolis Junction and Annapolis, were thrown off the track and greatly damaged from a collision with the defendant's ox, which was, at the time, on the track through the negligence of its owner, and that said collision occurred without any negligence or want of care on the part of the company or its agents.

The demurrer admits the facts thus averred, and the question is whether, upon this concession, the defendant is liable for damages.

This is the first case in this Court in which a railroad company has sued the owner for damages resulting from a collision with stock trespassing on its road; but upon the *concession* of the defendant we do not see on what ground he is to escape liability.

The injury, it is argued, is too remote. In actions of this kind the damage, it is true, must be the direct consequence of the defendant's negligence. In other words, as it is put in the books, the negligence must be the *proximate cause* of the injury. But here the plaintiff was en-

titled to the unobstructed use of its road, and the defendant admits that his ox was upon the track through his negligence, in consequence of which the plaintiff's cars and engine were thrown off the track and damaged. The injury, then, was the direct result of the defendant's negligence. If negligence is once admitted or established, it is no answer that the defendant did not foresee the injury, or that the damage was greater than he anticipated. Suppose the defendant could not have foreseen that the ox would be upon the track at the time the plaintiff was making one of its regular trips, and did not anticipate the engine and cars would be thrown from the track, even . if a collision did occur. That is no answer. In point of fact the ox was upon the track, and there, too, through the defendant's negligence, and the engine and cars were thrown off the track by the collision. The injury was the direct result of the negligence, and if so, the defendant was clearly liable.

This, however, is not a case of first impression. In other States where the question has arisen, the Courts have uniformly held the owner liable for damages resulting from a collision with stock trespassing on a railroad track through the negligence of the owner. *Housatonic R. R. Co. vs. Knowles,* 30 *Conn.,* 313 ; *Han'l and St. Jo. R. R. Co. vs. Kenney,* 41 *Misso.,* 272; *Sinram vs. P. F. W. and C. Railroad Co.,* 28 *Ind.,* 244 ; *Railroad Co. vs. Skinner,* 19 *Penn.,* 298–304, and *Drake vs. P. & E. R. R. Co.,* 51 *Penn. State,* 240.

The English decisions in actions of negligence fully sustain, we think, this view. In *Child vs. Hearn,* 9 *Law Rep. Exc.,* 176, the plaintiff, in the employment of a railroad company, was returning from his work along the line upon a trolley propelled by hand, and ran over the defendant's pigs which had escaped from the defendant's land, the trolley was upset and the plaintiff injured. In an action of damages by the plaintiff against the owner of the pigs,

it was held the owner was not liable, because the proof showed that the pigs escaped through a defect in the fence, which belonged to the company, and which it was the duty of the company to keep in repair. The liability of the defendant was not, however, questioned, if the pigs had in fact escaped from his land through his negligence.

So in *Lee vs. Riley*, 18 *C. B.*, *N. S.*, 722, where the plaintiff's mare strayed into an adjoining close through defect in a fence which it was the duty of the defendant to keep in repair, and while there kicked and injured the plaintiff's horse, it was held the defendant was liable.

And in *Powell vs. Salisbury*, 2 *Y. & J.*, 391, where the plaintiff's horse escaped into the defendant's close through a defective fence which it was the duty of the defendant to keep in repair, and was killed by the falling of a haystack, it was held, even in such a case as that, the damage was not too remote.

And then again, in the still later case of *Lawrence vs. Jenkins*, 8 *L. R.*, *Q. B.*, 274, where the plaintiff's cow escaped upon the defendant's land, through a fence which the defendant was bound to keep in repair, and while there ate the leaves of a yew tree, in consequence of which the cow died, the defendant was held liable for the damage.

In all these cases the Court held the injury to be the consequence of the defendant's negligence, and such being the case he was liable.

The first count presents quite a different question. It merely alleges that the ox was trespassing upon the road, and does not allege that it was trespassing through the negligence of the defendant. Every one, it is true, is obliged to keep his stock within his inclosures, and if they escape upon the land of another, whether through the negligence of the owner or not, and tread down the grass or destroy the crops, the owner is, in an action of trespass, liable for the damage. The common law, which requires

every one to keep his stock within his own bounds at his peril, is the law of this State. But this is not an action of trespass to recover for direct and immediate injuries resulting from an estray. It is an *action on the case* for *consequential* damages resulting from the estray. And to entitle the plaintiff, in such an action, to consequential damages, he must allege and prove that the injury *was the result of the defendant's negligence.* If the ox escaped from his inclosures without the knowledge and without any fault of the defendant, we are of opinion he would not be liable in this action for *consequential damages.*

There can be no reason for extending the rigorous rule of the common law, which holds the owner liable in an action of trespass, whether his cattle escape through negligence or not, to an action on the case by a railroad company seeking to recover consequential damages. It is the privilege of such companies to invade every one's property, and build and construct its road wherever they may see fit, and to do so in this State, without being obliged to erect and maintain fences along the line. Even with the best care cattle will sometimes escape from enclosures, and to hold the owner liable for consequential damages, where the escape is without his fault or negligence, would be to subject every one along the line of a railroad to the peril of being ruined, and ruined too, without any fault on his part.

For these reasons the demurrer to the first count ought to have been sustained, and overruled as to the second and third counts in the declaration.

*Judgment reversed, and*
*new trial awarded.*

(Decided 29th March, 1883.)