## PETERSON v. PETTERSON et al.

No. 2189.   Decided July 12, 1911 (117 Pac. 70).

1. ANIMALS—ACTIONS—TITLE TO SUPPORT—"OCCUPANT." Under Comp. Laws 1907, section 20, providing that if any cattle shall trespass or do damage upon the premises of another, the aggrieved party, whether he be the owner or occupant, may re cover against the owner of the cattle, plaintiff, who purchased lucerne seed from the owner of land and left it in an inclosed

field to dry, was an "occupant" within the purview of the statute, and might support an action against the owner of cattle which trespassed upon the field, and ate and ruined the seed, without pleading or proving negligence; the statute apparently warranting a recovery for injury to personalty, as well as to real estate. (Page 355.)

2. TRESPASS — ACTIONS — SUBJECT MATTER. Personal property may be the subject of a trespass. (Page 357.)

APPEAL from District Court, First District; *Hon. W. W. Maughan,* Judge.

Action by Nels R. Peterson against P. C. Petterson and another doing business as Petterson & Taylor.

Judgment for defendants. Plaintiff appeals.

REVERSED AND REMANDED WITH DIRECTIONS.

*J. D. Call* for appellant.

*Halverson & Pratt* for respondents.

STRAUP, J.

The appellant, plaintiff below, in his complaint alleged that he was the owner and in possession of certain described real estate, and that the defendants' cattle trespassed upon the land, and "ate up, injured, and destroyed the lucerne seed, hay, and verdure being upon and grazed upon said land," to plaintiff's damage in the sum of $400. Defendants filed a general denial.

The evidence shows that one Erastus Hanson owned the land and lived on it, and harvested lucerne seed from it. This seed was sold by Hanson to plaintiff. On account of rains, the seed being too damp to thresh, it was spread in ricks to dry, over about an acre of ground. The plaintiff there left the seed in the field, inclosed by a fence, for about two weeks. There is evidence to show that during the absence of the plaintiff the defendants' cattle in an adjoining field broke through the fence and

entered the field where plaintiff's seed was, and ate part of it and trampled the rest, so that it was worthless, and that the value of the seed was from $400 to $600.

At the conclusion of plaintiff's evidence, the court granted a nonsuit on the alleged ground of insufficiency of evidence to show that the defendants' cattle committed the trespass or destroyed the seed, and especially upon the ground of insufficiency of evidence to show negligence on the part of the defendants in permitting the cattle to enter the premises in question, or to eat or injure the seed.

Because plaintiff did not own the land, and as is urged, had no interest in it, except a mere license to enter and remove the seed, it is contended that he could not maintain an action of trespass to realty; that he could not maintain an action of trespass to personal property, that being, as is asserted, all in which he had any interest, without alleging and proving negligence; and as there are neither allegations nor proof of negligence the nonsuit, as is asserted by respondents, was properly granted. As already observed, there is sufficient evidence to show that defendants' cattle entered the field, and ate and injured the seed. It seems that the court granted the nonsuit on the theory of a want of allegations and proof of negligence. We think the law was misapplied. We have a statute (Comp. Laws 1907, section 20) which provides that if any cattle, etc., shall trespass or do damage upon the premises of another person, except in cases where such premises are not inclosed by a lawful fence, in counties where a fence is required by law, the aggrieved party, whether he be the owner or an occupant of such premises, may recover damages for the injury sustained by him by an action at law against the owner of the trespassing animals. Under this statute, we think the plaintiff was such an "occupant" of the premises as to entitle him to recover damages for the injury done to the seed by trespassing animals, without alleging and proving negligence.

Personal property, as well as real estate, may be the subject of trespass. (28 Am. & Eng. Ency. L. (2d Ed.), 589.) The statute seems to contemplate that an owner or occupant

of premises may recover whatever damages may have been sustained by him by trespassing animals, whether the injury be to realty or personal property, upon land owned or occupied by him. None of the cases cited by respondent (*Klenberg v. Russell*, 125 Ind. 531, 25 N. E. 596; *Annapolis R. Co. v. Baldwin*, 60 Md. 88, 45 Am. Rep. 711; *Cool v. Crommet*, 13 Me. 250; *Fallon v. O'Brien*, 12 R. I. 518, 34 Am. Rep. 713; *Scott v. Lingren*, 21 Kan. 184) are in point, except the last case, and that does not support respondents' contention.

The judgment of the court below is reversed, with directions to grant a new trial. Costs to appellant.

FRICK, C. J., and McCARTY, J., concur.