## HARRIS v. I. K. PRODUCTS CO.

No. 6482.   Decided December 30, 1942.   (132 P. 2d 375.)

See 3 C. J. S., Animals, sec. 185; 2 Am. Jur., 773.

*Ray S. McCarty,* of Salt Lake City, for appellant.

*Ray E. Dillman,* of Roosevelt, for respondent.

During September, 1939, four bucks owned by defendant got out of the place in which they were kept and went into the herd of ewes of plaintiff. While in the herd of ewes, the bucks covered a number of them, about 130 of which, as alleged, belonged to plaintiff and about 65 of which belonged to Paul S. Hansen, who assigned his claim to plaintiff. The Hansen ewes were mingled with plaintiff's ewes and in his possession. Damage is claimed in two causes of action.

The briefs of the contending parties contain a digest of the testimony given at the trial. Each brief presents the view of the writer as to the evidence. The findings of the court are supported by the evidence.

The court found the plaintiff was the owner and in possession of the ewes as above indicated and the defendant the owner and in possession of the bucks; that the bucks were left unattended on the Chrystal Ranch owned by defendant; that the ranch was not fenced so as to keep the bucks within the ranch area; that the four bucks did get into the herd of ewes on the dates in September stated; that as soon as they were discovered, plaintiff removed the bucks from the herd of ewes, but that the bucks, before they were found or known to be in the herd, had bred 142 ewes of plaintiff and 68 (65 intended) ewes of Paul S. Hansen in the band. The court further found that because of the trespass and untimely breeding, damage resulted in the amount of $3 per head for each of the ewes so bred, making a total on the first cause of action of $426 and on the assigned cause of action of $195.

Appellant, defendant below, presents three main points for consideration. The points summarized are:

(1) Abuse of discretion of the court in allowing an amendment to the complaint. There is no merit in the point presented. The complaint originally alleged specific damage and set out the items. Upon suggestion of the court that it was of the opinion that the measure of damages was the difference in value of the band of

sheep before the untimely breeding and the value at the time the number of ewes that showed definitely that they were with lamb had been ascertained. The items of damage alleged and proved were items resulting from the trespass and when alleged specially, as in the original complaint, no harm could result to allege the same damage generally. The items constituting the damage would probably be brought out in either event. The changed market value would be substantially the same, as the same items would have to be considered to determine the difference in market value.

(2) Appellant raises the issue of the right to recover for trespass where the damage was upon the premises of another. We think this point is not well taken. The court found the arrangement made either plaintiff or Hansen the legal occupant of the property where the ewes were kept. One may be the lessee or otherwise have cattle or other personal property upon the land of another so long as he is lawfully there, and if another unlawfully causes damage to the personal property he may not escape upon the position that another owns the ground. *Peterson* v. *Peterson et al.*, 39 Utah 354, 117 P. 70.

(3) It is complained the damages were excessive. We find no merit in this contention. *Miller* v. *Southern Pac. Co.*, 82 Utah 46, 21 P. 2d 865.

Judgment affirmed; respondent to recover costs.

LARSON and McDONOUGH, JJ., and FAUST, District Judge, concur.

WOLFE, Justice (concurring).

I concur. The appellant takes the position that the measure of damage was the aggregate of the separate damages to the ewes which had been bucked and that the damage to each ewe was the difference in value at the place where they were bucked before and after that happened. While the court seemed to think that the herd should be treated as a unit and the measure of damage was the value of the herd

near Chrystal Ranch before any of the ewes were bucked as compared to the value of the herd after all the bucks got through. In this case before action was brought plaintiffs knew just which ewes were bucked. Therefore, I think that the true measure of damages would be the expense required to take care of the ewes and their lambs when the ewes were bucked in September as compared to what it would be in December plus loss of ewes, if any, because of such early bucking plus the cost of bunching and damage to the herd thereby. In other words, what it would cost to put plaintiffs in the position they were before the ewes were covered. However, it appears to me that the court in finding that the damage to the herd was the aggregate of the individual losses in value of all the ewes bucked, followed the formula contended for by the appellant. I cannot, therefore, see how he can complain.

PRATT, J., on leave of absence.