JUDGE LINDSAY
delivered the opinion oe the court.
This action is founded upon the following instrument:
“ $1,569. Oeeice oe Collier, Taylor & Co., 1 Franklin, Ky., June 10, 1873. J
“ Thirty days after date pay to the order of J. W. White-sides fifteen hundred and sixty-nine dollars, and charge to account. Yours respectfully,
C. P. Taylor.
To Collier, Taylor & Co., Franklin, Ky.”
Across .the face of the paper is written:
• “Accepted, payable at First National Bank of Franklin, Ky. ■ Collier, Taylor & Co.”
The bill was indorsed by Whitesides to the Northern Bank of Kentucky. After non-payment and protest said bank sued all the parties thereto. Whitesides, the indorser, answered. A demurrer was sustained to his answer, and as he failed to plead further judgment was rendered against him, and he has appealed to this court, insisting that his answer presented a valid defense to the action.
He avers that after he had indorsed the bill, and after it had been accepted by Collier, Taylor & Co., and had been delivered to the appellee and the contract thereby completed, the bank caused to be written over the names of the acceptors the words, “ Accepted, payable at the First National Bank of Franklin, Ky.,” and that this was done without the knowledge or consent of himself or of said acceptors, or of either of them. He claims that this was a material alteration of the bill, and that it operated to relieve him from liability as indorser.
Under the general acceptance the holder of the bill was bound to present it for payment to the acceptors at their place *503 of business. The qualified acceptance alleged to have been written over the names of the acceptors without their knowledge or consent authorized the holder to present the bill and demand payment at the national bank.
The acceptors had not contracted to place funds in the hands of that bank to meet the bill when due, and it may have been dishonored, notwithstanding their ability and willingness at the time it should have been presented to them at their place of business to pay it. The rule is “that an alteration of a general acceptance of a bill by the addition of a place of payment discharges the acceptor, if made without his privity.” (2 Parsons on Notes and Bills, 548; Burchfield v. Moore, 3 Ellis & Blackburn, 683; 25 English Law and Equity Reports, 123; Oakey v. Wilcox, 3 Howard, Miss. 330.)
The decision in the case of Burchfield v. Moore was approved by this court in the case of Todd v. The Bank of Kentucky (3 Bush, 626). It was held in Todd's ease, and in the case of Rogers v. Poston (1 Metcalfe, 643), that when an accommodation indorser delivers an accepted bill to the acceptor to enable him to raise money by its negotiation, and he changes a general into a qualified acceptance by designating a particular place of payment, the indorser will nevertheless be bound to an innocent holder for value; but there is no intimation in either case that the holder may by a material alteration of the conditions of the acceptance release the acceptor and still hold the indorser bound.
The unauthorized alteration renders the instrument void, and it can not be made the foundation of an action against any of the parties to it except such as may have consented thereto.
Upon demurrer, no inference unfavorable to appellant can be drawn from the fact that the acceptors served with process are interposing no defense to the action. The sufficiency *504 of his answer must be tested by the facts therein stated, independent of the conduct of his co-defendants.
Appellant need not aver that neither he nor the acceptors of the bill ratified and confirmed the unauthorized alteration before the bill became due. He is not bound to anticipate the matters that appellee may or may not rely on to avoid the effect of his plea.
We are of opinion that appellant’s answer presented a defense to the action. The judgment against him is reversed, and the cause remanded with instructions to overrule the demurrer and for further proper proceedings.