## SMITH v. MARLAND.

1. **Promissory Note**: UNCERTAINTY AS TO AMOUNT: NEGOTIABILITY. The note in question was given for a corn crusher, and contained a provision that the "payee or his indorsee has full power to declare this note due and take full possession of said property at any time they may deem themselves insecure, even before the maturity of this note, and sell the same where this note is payable, on five days notice in writing:" *held* that this provision rendered uncertain the amount which might be recovered on the note, and that the note was, therefore, not a negotiable note, and that a defense which would have been good as against the original payee was good against his indorsee.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 21.

THE plaintiff brings this action as indorsee of an instrument in writing purporting to be signed by the defendant, as follows:

"$179.00. DES MOINES, IOWA, Nov. 15, 1879.

"On or before the 15th day of November, 1879, for value received in corn grinder and crusher, I, the subscriber, of Beaver township, Polk county, Iowa, promise to pay to the

order of H. Holden or bearer, $170, at Des Moines, Iowa, with ten per cent interest per annum from date, until paid, together with reasonable attorney's or collector's fees, if collected by suit or otherwise after due. And it is agreed, if suit is instituted on this note, that any justice of the peace shall have jurisdiction to the amount of $300.

"I own 160 acres of land in my own name in 33 section, Beaver township, in the county of Polk, State of Iowa, which is worth at a fair value $3,200. It is not incumbered by mortgage or otherwise, except to the amount of $500, and the title is perfect in me in every respect. I have stock and personal property to the amount of $600, unincumbered.

"This statement is made and signed by me for the purpose of obtaining the property for which this note is given. The express condition of the sale and purchase of the personal property for which this note is given is such that the title, ownership, or right of possession does not pass from the payee of this note or his indorsee until this note, with interest and costs, is paid in full, and the said payee or his indorsee has full power to declare this note due and take full possession of said property at any time they may deem themselves insecure, even before the maturity of this note, and sell the same when this note is payable, on five days notice in writing; makers and indorsers of this note waive protest, notice of protest and non-payment of this note."

The defendant filed an answer, the second count of which is as follows: "That at or about the time the instrument sued upon purports to be executed, to-wit: November 15th, 1879, the H. Holden mentioned and described in the petition offered and endeavored to sell to defendant a machine, known as a corn grinder and crusher, such as is described in the petition, at and for the price of $70. The defendant declined and refused to buy or agree to buy said machine, and did not buy the same. That on the next day said Holden, for the purpose and with the intent to cheat, wrong and defraud defendant in the manner herein stated, again came to the farm of

defendant, in Beaver township, Polk county, Iowa, bringing with him a machine such as is above described. That said Holden represented to defendant that he was agent for the sale of said machines; that he wanted permission to leave said machine on the premises of defendant for the purpose of exhibiting it, and effecting sales to other neighbors of defendant; that, relying upon the truth of said statements, and not suspecting any trick or design to defraud, defendant granted such permission. That, therefore, said Holden, in pursuance of his scheme and purpose to defraud, requested defendant to give him a receipt in writing, showing that said machine still belonged to said Holden, and that he was entitled to take it away whenever he called for it, and thereupon the said Holden exhibited to defendant a paper or writing, stating and representing, falsely as defendant now believes and charges, the same to be a receipt, as above described, and requesting defendant to sign the same. The defendant refused to sign and did not sign the same, and offered as one reason therefor that he could not write. That thereupon said Holden requested defendant to try if he could not write, and stating that he would teach him to write, placed before defendant some pieces of blank or waste paper, and urged the defendant to practice writing thereon, stating and representing them to be blank and waste paper.

"The defendant not suspecting any trick, or design to cheat and defraud him, thereupon wrote his name several times on various pieces and scraps of said paper then lying about before him, supposing and believing he was simply writing his name on blank or waste paper. The defendant is a German, unaccustomed to the transaction of business, and cannot read or write English; that there was no one at, near or about the premises other than said Holden, that could read or write English; that defendant did not agree to or with said Holden or with any other person, to execute the instrument sued upon—or any other instrument for the payment of $170, or of any other sum greater or less than that amount, in con-

sideration of the machine described therein, or for any other consideration; that defendant did not buy or agree to buy said machine, and was in no manner indebted to said Holden; that he did not intend to execute said instrument or any other promise for the payment of money; that if his name is signed to the said supposed note described in the petition, it was written unintentionally, and without the knowledge of defendant, at the time of writing his name on waste paper, as above stated, and was procured to be written by the false, fraudulent and wrongful statements, representations and conduct of said Holden above set forth, whereby defendant was deceived and led to believe he was writing his name on waste paper, or by some trick or device of said Holden whereby, unknown to defendant, said Holden wrongfully substituted the same for, and falsely represented it to be waste paper, for the purpose and with the intent to cheat, wrong and defraud defendant into writing his name thereon, under the belief that he was writing on waste paper.

"The defendant charges that the conduct, acts, statements, and representations of said Holden, as above stated and set forth, were false and fraudulent and were made in pursuance of a scheme for the purpose and with the intent to cheat, wrong and defraud defendant, by falsely making it appear that he had bought said machine, and by his false, fraudulent and wrongful manner, and in the manner above set forth, to cheat, wrong and defraud defendant by procuring his name to be written on the instrument sued upon; that defendant did not suspect any trick or device to defraud, and relying upon the truth of said representations, and the good faith of his conduct and acts, was deceived thereby; that defendant has not been guilty of any negligence in the premises; that the instrument sued upon is not his note, and he is in no manner bound thereby."

The plaintiff demurred to the answer as follows: "The cause of action sued upon is a negotiable promissory note, and, as alleged in the petition, was transferred to plaintiff for a

valuable consideration before maturity, and without notice of any defense, and the said second count does not controvert the said allegation of the petition, nor is it alleged in said count that the plaintiff had any knowledge of the fraud set forth in said counts at or before the time of the purchasing of said note by him." The court overruled this demurrer. The plaintiff elected to stand upon his demurrer, and judgment was rendered against him for costs. The plaintiff appeals.

*Crom. Bowen*, for appellant.

*Wishard & Reed*, for appellee.

DAY, J.—We need not determine whether the matters set up in the answer would avail against the *bona fide* holder for value of a negotiable promissory note. In our opinion the instrument sued upon in this case is not a negotiable promissory note. The qualities essential to a negotiable promissory note are that it shall possess certainity as to the payor the payee, the amount, the time of payment and the place of payment. 1 Parsons on Notes and Bills, page 30.

Respecting the certainty as to the amount the following language is employed: "There should be entire certainty and precision as to the amount to be paid. The reason for this is especially obvious; for if the note is to represent money effectually, there must be no mistake as to the amount of money of which it thus takes the place and performs the office. On this point, therefore, the cases are quite stringent. The sum must be stated definitely and must not even be connected with any indefinite or uncertain sum, nor are we aware of any trustworthy cases in which the rule, *Id certum est quod certum reddi potest*, is permitted to supply the want of an express certainty on this point, as it seems to be in relation to some other certainties required in promissory notes." 1 Parson on Notes and Bills, p. 37. Now whilst the amount to be paid is stated with certainty in one part of the instrument

sued upon, it is rendered uncertain by the provisions which follow. The instrument contains a provision that the payee may at any time he deems himself insecure, even before the maturity of the instrument, take possession of the property in consideration of which the instrument was executed, and sell it on five days' notice. If this privilege should be exercised it is clear that the amount to be recovered on the instrument would be diminished by the amount for which the property was sold. As the instrument contains an express provision whereby the amount to be recovered upon it may be rendered uncertain, it cannot be said that it is certain as to amount. The instrument lacks the most important requisite of a negotiable promissory note.

The matters alleged in the answer constitute a complete defense between the immediate parties to the instrument, and are equally available against a *bona fide* holder. The demurrer was properly overruled.

AFFIRMED.