Charlton v. Reed.

CHARLTON v. REED.

1. **Promissory Note:** NEGOTIABILITY: CERTAINTY OF TIME OF PAYMENT. A note reading: "Twelve months after date (or before, if made out of the sale of Drake's hay-fork and hay-carrier,) I promise to pay," etc., *held* negotiable, as against the objection that it was not certain as to the time of payment.

2. ———: MATERIAL ALTERATION: CHANGE OF PLACE OF PAYMENT. An alteration of a promissory note which changes the place of payment is a material one, and may be shown by the maker as against an indorsee for value and before maturity.

*Appeal from Woodbury Circuit Court.*

FRIDAY, JUNE 8.

THIS is an action upon a promissory note for $60. Under the direction of the court, the jury returned a verdict for the defendant. The plaintiff appeals.

*L. S. Fawcett,* for appellant.

*Joy & Wright,* for appellee.

DAY, CH. J.—The amount in controversy being less than $100, the trial judge certified the questions of law upon which it is desirable to have the opinion of this court, as follows: "That the action was brought to recover the amount due upon a promissory note, of which the following is a true copy, to wit:

'POSTOFFICE, SARGENT, COUNTY OF WOODBURY,
'60.00.          STATE OF IOWA, TOWNSHIP LIBERTY,
'October 18, 1880.

'Twelve months after date (or before if made out of the sale of Drake's Horse Hay Fork and Hay Carrier), I promise to pay to James B. Drake, or bearer, Sixty Dollars, negotiable and payable at the *First* National Bank, *Sioux City, Ia.,* with ten per cent. interest after date until paid. If

interest is not paid when due the same shall bear interest at ten per cent.; and if expenses and costs are incurred by the holder in consequence of a failure to pay at maturity, the undersigned agrees to pay a collection fee of ten per cent on the amount due.                               D. M. REED.'

"That at the time said note was executed the spaces occupied by the word *First*, just preceding *National Bank*, and *Sioux City, Ia.*, just following, were left blank, and orally agreed by the parties thereto to be left blank, so that the note could not be collected or sued at any other place than the residence of the maker thereof, which was twelve miles from Sioux City, in a different township, in which there was no national bank.

"That the payee in said note, contrary to said oral agreement, filled said blank spaces with the words *First* and *Sioux City, Ia.*

"Is the foregoing note negotiable in form?

"Can the payor thereof, in an action by an innocent holder for value before maturity, and without notice of the oral agreement above named, show said oral agreement against the objections of said innocent holder?"

I.   It is insisted that the note is not negotiable because it is not certain as to the time of payment.   The position, we

*1. PROMIS-SORY note: negotiability certainty of time of payment.*

think, is not sustained by the weight of authority. In *Walker v. Woollen*, 54 Ind., 164., it was held that a note almost identical with the one at bar, and in all material respects the same, was negotiable.   In *Ernst v. Steckman*, 74 Pa. St., 1, a note payable twelve months after date, or before if made out of the sale of W. S. Coffman's improved broadcast seeding machine, was held to be negotiable.   See also to the same effect *Capron v. Capron*, 44 Vt., 410; *Cota v. Buck*, 7 Metc., 588; *Palmer v. Hummer*, 10 Kan., 464; 1 Daniel on Negotiable Instruments, sections 42 and 43.   The case of *Miller v. Poage*, 56 Iowa, 96, relied upon by appellee, is not like the one at bar.   The decision of the majority of the court in that case was placed upon the

Charlton v. Reed.

ground that the note was payable out of a particular fund, and hence was payable upon condition. The case of *Alexander v. Thomas*, 16 Q. B., 333, also relied upon by appellee, is not recognized in the United States as announcing a correct rule. See 1 Daniel on Negotiable Instruments, section 42. The other cases relied upon by appellee, *Lamb v. Story*, 45 Mich., 488; *Smith v. Van Blarcom*, Id. 371; *Baird v. Underwood*, 74 Ill., 176; *De Forest v. Frary*, 6 Cow., 151, and *Smith v. Marland*, 59 Iowa, 645, are all cases in which payment depended upon a contingency, or in which there was uncertainty as to amount. The first question must be answered in the affirmative.

II. That the alteration in question is a material one, sufficient as between the original parties to discharge the maker, 2. ——: material alteration: change of place of payment. is sustained by the following authorities: *Woodworth v. Bank of America*, 19 Johns., 392; *Adair v. England*, 58 Iowa, 314; *Townsend v. The Star Wagon Co.*, 10 Neb., 615; *White v. Haas*, 32 Ala., 430; *Nazro v. Fuller*, 24 Wend., 374; *Whitesides v. Bank of Kentucky*, 10 Bush, 501. That a material alteration of a note may be shown, even as against the endorsee thereof for value before maturity, was determined by this court in *The Knoxville National Bank v. Clark*, 51 Iowa, 264. The second question submitted by the court must also be answered in the affirmative. It follows that the judgment of the court below must be

AFFIRMED.