508:35 L.R.A.

## CARMODY v. CRANE.

1. BILLS AND NOTES—NEGOTIABILITY—AGREEMENT TO PAY TAXES.
    A stipulation in a promissory note that the maker shall pay all taxes assessed against the land described in a mortgage given to secure the note, or against the mortgagee's interest therein, destroys its negotiability, even though, at the time of the execution of the note, there is no statute authorizing an assessment of taxes upon the interest of a mortgagee.

2. SAME—BONA FIDE PURCHASER—AGENCY—ESTOPPEL.
    Complainant filed a bill in equity alleging that she had executed such a note and mortgage; that she had delivered the same to the payee, relying upon his promise to pay off an outstanding incumbrance before placing the mortgage of record; that he had failed to procure the discharge of the incumbrance, but that defendant, to whom the note and mortgage had been transferred, claimed the right to enforce payment for the full amount. *Held,* that the facts alleged did not constitute such an averment of the agency of the payee as would estop complainant from denying the validity of the note.

3. SAME.
    A purchaser of nonnegotiable paper given without sufficient consideration cannot invoke the rule that, where one of two innocent parties must suffer loss from the conduct of a third, such loss should fall upon the one whose act enabled the wrong to be committed.

Appeal from Van Buren; Buck, J. Submitted June 9, 1896. Decided July 31, 1896.

Bill by Mary Carmody against Edgar A. Crane and another to suspend foreclosure proceedings and for other relief.   Defendant Crane appeals from an order overruling his demurrer to the bill.   Affirmed.

*T. J. Cavanaugh,* for complainant.

*E. A. & Robert B. Crane,* for appellant.

MONTGOMERY, J.   The bill in this case alleges that the complainant was the owner of a piece of land in the township of Hartford, Van Buren county, upon which there were two mortgages,—one made to August N. Spaulding, in the sum of $100, and one running to S. S. Rockwell, in the sum of $450; that on the 20th day of October, 1894, being desirous of borrowing sufficient money to pay off the two mortgages, she applied to one George E. Breck, and sought and obtained a loan of $840, and executed a certain note or bond in the sum of $840, and five interest coupon notes, and secured the same by a real-estate mortgage upon the same property, which notes and mortgage were delivered to Breck; that the consideration for the making and executing of the notes and mortgage was:

"*First,* $40 to Breck for his services rendered your oratrix, and for effecting said loan; *second,* said Breck was to pay off and take up and discharge the Spaulding mortgage; *third,* he was to pay and cause to be discharged the Rockwell mortgage; *fourth,* he was to pay the balance, namely, $200, in money."

That he paid the money at the time, caused the Spaulding mortgage to be discharged, but failed to procure a discharge of the Rockwell mortgage.   The bill further alleges that the defendant Crane claims to be a purchaser of the note and mortgage executed to Breck, and avers that he is not a *bona fide* purchaser, for the reason that the note is not a negotiable note, and alleges that complainant is entitled to set off, as against the Breck note and mortgage, the $450 mortgage due to Rockwell, but

held that defendant Crane refuses to make such reduction. The bill prays appropriate relief, and to this bill the defendant Crane filed a demurrer.

The note given to Breck was in form precisely like that considered in *Walker* v. *Thompson*, 108 Mich. 686, and this case must be ruled by that, unless the contention of defendant's counsel be admitted upon one or both of the following propositions: *First*, that, inasmuch as the stipulation to pay taxes assessed upon the mortgagee's interest was made at a time when there was no statute authorizing an assessment of taxes upon a mortgagee's interest in land, it adds nothing to the obligation of the payor, and hence that the amount of the note is certain; *second*, that, under the allegations in the bill, it should be held that Breck was constituted the agent of complainant in negotiating the note in question, and that complainant is therefore estopped to deny the validity of the note.

1. While it is true that the mortgagee's interest in land was not, at the date of the making of the note in question, October 20, 1894, subject to assessment for taxation as such, yet the obligation under this note is not limited to such assessments as might in the future be made under existing laws, but it covers as well assessments which might thereafter be authorized by legislation. The stipulation imposed in terms a superadded duty, which, under the authority of *Cayuga Co. Nat. Bank* v. *Purdy*, 56 Mich. 6, renders the note nonnegotiable.

2. We think the second contention of defendant's counsel cannot be maintained. Fairly construed, the bill of complaint does not allege that Breck was constituted the agent of complainant. On the contrary, it is very clearly averred—*First*, that the note and mortgage were made payable to him individually; *second*, that he personally faithfully promised that the outstanding mortgages should be paid, and that he would then place the mortgage given by complainant of record, and that she relied upon his integrity, and delivered the mortgage and notes to him, and left the same in his possession until

such time as he should fulfill the conditions of his promise and agreement with complainant. This is far from an averment of agency, nor was there any holding out as agent, except it be inferred from the fact of giving nonnegotiable securities without sufficient consideration. That this does not entitle a purchaser to invoke the rule that, where one of two innocent parties must suffer loss from the conduct of a third, such loss should fall upon the one whose act enabled such wrong to be committed, was determined in *Walker* v. *Thompson, supra,* and had been previously repeatedly held in this State. See *Judge* v. *Vogel,* 38 Mich. 569; *Williams* v. *Clink,* 90 Mich. 297 (30 Am. St. Rep. 443).

The order overruling the demurrer will be affirmed, with costs to complainant, and the cause remanded.

LONG, C. J., HOOKER and MOORE, JJ., concurred. GRANT, J., did not sit.