## G. E. Oscar Wistrand v. W. C. Parker.
### No. 203.

1. Non-negotiable Paper—*Note and Mortgage—Terms of Note.* Where the eight promissory notes sued on each contain the following words: "This note is secured by a mortgage on real estate. This note may become due and payable at once by reason of the failure to comply with the conditions of the accompanying mortgage, which is made a part hereof"; and where the mortgage securing the notes and therein referred to provided that the notes, which by their terms matured at different dates, should become at once due and payable upon the failure of the mortgagor to pay the taxes and assessments levied against the mortgaged land before the same became delinquent: *Held*, That the notes were non-negotiable.

2. ——— *Defense—Judgment.* Where the defendant rested his defense, as stated to the court on the trial, upon the single proposition of the non-negotiability of the notes, and offered no evidence in support of his answer, and where the court held the notes to be negotiable, but its judgment was the same as would have been properly rendered had the averments of the answer been proven and the notes been held non-negotiable, such judgment will be sustained.

Error from McPherson district court; Lucien Earle, judge. Opinion filed February 14, 1898. Affirmed.

*Milliken & Galle,* for plaintiff in error.

*Slonecker, Wheeler & Switzer,* for defendant in error.

The opinion of the court was delivered by

Milton, J.: In this action Parker, as plaintiff, asked for judgment upon eight promissory notes for twenty-seven dollars each, dated October 1, 1888, and for the foreclosure of a real-estate mortgage of the same date securing the notes, which had been executed and delivered by Wistrand to Parker's assignor. The

notes called for interest after maturity. One fell due April 1, 1890, and one each six months thereafter. Wistrand pleaded that the said notes were given for a part of the interest thereafter to accrue upon a note which was given by him, secured by a first mortgage on the real estate described in the petition; that the last-named note was negotiable, and had been transferred by indorsement to an innocent holder; that under the terms of the note and mortgage, upon failure to pay any part of the interest due thereon, or to pay the taxes levied on the mortgaged premises, or to keep the buildings on the same insured, the whole sum immediately became due and payable and drew twelve per cent. interest per annum, and that such default had occurred and then existed. He also averred that the judgment asked for upon the eight notes would be wholly usurious and in excess of twelve per cent. interest per annum upon the $1800 note. Each note contained the following provision:

"This note is secured by a mortgage on real estate. This note may become due and payable at once by reason of the failure to comply with the conditions of the accompanying mortgage, which is made a part hereof."

The mortgage provided:

"If the said party of the first part shall pay said notes and the interest thereon when due, and shall pay all taxes and assessments levied against said premises before the same become delinquent, then this deed shall become void, and shall be released at the cost of the party of the first part. But should said first party fail to pay said notes or interest, or any part thereof, when due, according to the tenor and effect of said notes, or fail to pay all taxes and assessments before the same become delinquent, then all said notes become immediately due and payable, at the option of the party of the second part or the legal

holder of such notes, without notice, and shall draw interest at the rate of twelve per cent. per annum from the date of said note until fully paid.''

On the trial, counsel for defendant stated that he would rest his defense upon the proposition that the notes were non-negotiable instruments, for the reason that under their terms the mortgage became a part of each. The court held the notes to be negotiable, to which ruling the defendant excepted. Thereupon the jury was directed to return a verdict for the plaintiff, and upon the verdict the court entered judgment for the plaintiff in the sum of $300.

Defendant in error admits that the mortgage is to be read as a part of each note. So reading it, we find that the failure to pay the taxes upon a tract of land affects the maturity of the several notes. Such a provision appears to be wholly foreign to the nature of a negotiable instrument. In *Killam v. Schoeps*, 26 Kan. 410, BREWER, J., used the following language :

"We conclude, then, that whenever any stipulation concerning other matters than the payment of money is incorporated in one instrument with a promise to pay money, such double contract will not be adjudged negotiable paper.''

This case was followed in *Iron Works v. Paddock*, 37 Kan. 510. In *Lockrow v. Cline*, 4 Kan. App. 716, it was held that by reason of a provision in a note very similar to that in the note we are considering the mortgage became a part of the note, and that in consequence the note was non-negotiable. While that mortgage contained provisions not found in the mortgage in question, we think the latter, when read as a part of the notes, has the effect to make them non-negotiable.

The provision that failure to pay taxes and assess-

ments before they became delinquent shall cause all the notes to become immediately due and payable is certainly extraneous to the essential nature of a negotiable promissory note. While many courts have held that the negotiability of a bond or note is not destroyed by reason of a provision therein that default in the payment of interest when due should cause the whole debt immediately to mature, we have been unable to find any decision as to the effect of a provision that failure to pay taxes on a tract of land would be followed by such a result, except in the case of *Brooke v. Struthers*, 35 L. R. A. 536 (Mich., July 31, 1896), where the syllabus reads :

"A provision in a mortgage securing, and referred to in, a note otherwise negotiable, that the mortgagor shall pay taxes and assessments, and that failure to do so for thirty days shall render the whole debt, principal and interest, immediately due, destroys the negotiability of the instruments."

In this case the note provided for immediate maturity in the event the interest should remain unpaid and in arrears for the space of thirty days, and referred to the mortgage as "collateral hereto." The court also said that the note and mortgage must be read and construed together to ascertain the nature of the agreement upon which negotiability depends. The language used is very similar to that employed by our own supreme court in several cases. (*Muzzy v. Knight*, 8 Kan. 456 ; *Bank v. Peck*, id. 660 ; *Darrow v. Scullin*, 19 id. 57.) It appears that the Michigan court is strangely divided upon the question we are considering, as in the case of *Wilson v. Campbell*, 35 L. R. A. 544 ( Mich., July 31, 1896), the syllabus is almost directly opposed to that of *Brooke v. Struthers*, supra. A careful reading of the two cases indicates

that the real difference relates to the effect to be given to the terms of a real-estate mortgage collateral to a promissory note, where the mortgage makes provision for the maturity of the note upon default in the payment of interest and taxes ; some members of the court seem to hold that the note is controlled by the terms of the mortgage, and the others that, unless the note itself contains provisions which render it non-negotiable, its negotiability is not affected by the conditions stated in the mortgage. In *Wilson v. Campbell,* supra, the note provided that it should mature if default in the payment of interest continued for thirty days, *but made no reference to the mortgage,* while the latter contained a provision that the whole debt should become immediately due in case the mortgagor failed to pay at the proper time taxes and assessments levied against the mortgaged lands. As that note, considered apart from the mortgage, was clearly negotiable, the court decided in favor of its negotiability. The distinction between the two cases lies in the facts we have stated, viz. : that one note made specific reference to the accompanying mortgage, while the other contained no such reference. Bearing in mind the distinction just noted, it will be seen that, within the doctrine of these Michigan cases, the notes here in question are clearly non-negotiable. The Kansas decisions we have cited also tend very strongly to support this view. We conclude that the court erred in holding the notes to be negotiable.

It does not follow, however, that the judgment herein is erroneous. The record shows that Wistrand's counsel, when the court ruled the notes were negotiable, submitted the case without offering any evidence whatever to prove the allegations of his answer. Thus we are not advised as to his ability or

inability to have made such proof. We shall disregard this phase of the case, however, and consider it upon the pleadings as if the averments of the answer were uncontroverted and were fully proven. It will be seen that, if we are correct in holding against the negotiability of the notes sued on herein, the note for $1800, as described in the answer, is likewise non-negotiable. The answer indicates that suit had not been commenced on that note. No usury had been paid, not even legal interest. It would seem to follow that, when sued thereon, Wistrand could plead its non-negotiability and the payment of this judgment in bar of the interest to that extent on the $1800 note. The judgment entered in this case is correct and is warranted by the facts as we have assumed them to be. We fail to see wherein the defendant below, according to the views we have stated, will be obliged to pay usury upon the note for $1800.

As the judgment of the trial court could not have been otherwise if it had held the notes to be non-negotiable, and if Wistrand had thereupon proven all the averments of his answer, the judgment rendered must be affirmed. (*Kennett v. Peters*, 54 Kan. 119.)