[No. 3786.  Decided April 30, 1902.]

JOHAN JOERGENSON, *Appellant,* v. CHRISTIAN JOERGEN-
SON *et ux., Respondents.*

PLEADING — QUESTION OF LIMITATIONS   NOT   RAISED   BY   GENERAL
DEMURRER.

A demurrer to the complaint on the ground that it does not
state facts sufficient to constitute a cause of action would not
present the objection that it appears upon the face of the com-
plaint that the action is barred by the statute of limitations.

BILLS AND NOTES — NEGOTIABILITY — CONTINGENT  PAYMENT  BEFORE
MATURITY — EFFECT.

A promissory note agreeing to pay the person therein named a
specified sum absolutely and at all events four years after a cer-
tain date, or before, is negotiable, although it contains the provis-
ion that "if we sell or remove the timber that we have bought
on said Johan Joergenson's [payee] homestead claim, before the
expiration of said four years, then this note shall be paid at the
times of such sale or removal of said timber," since such provis-
ion does not change or destroy the maker's absolute liability to
pay at the time designated; nor would the fact of the note's be-
coming payable prior to the time of absolute payment, upon the
happening of a certain event, affect its negotiability.

SAME — DAYS OF GRACE — ACCRUAL OF CAUSE OF ACTION.

Under Bal. Code, § 3655, allowing three days' grace upon ne-
gotiable promissory notes, action upon such instrument cannot
be maintained before the expiration of the last day of grace, and
hence the bar of the statute of limitations will not begin run-
ning until the expiration of the period of grace.

Appeal from Superior Court, Snohomish County.—
Hon. FRANK T. REID, Judge.  Reversed.

*J. A. Coleman,* for appellant.

The opinion of the court was delivered by

ANDERS, J.—The complaint in this action alleges:  (1)
That on March 13, 1890, the defendants executed and de-

livered to the plaintiff their certain promissory note in writing, in words, letters, and figures as follows, to-wit:

"$661.00.                    Stanwood, W., March 13th, 1890.

Four years from the 22d day of March, A. D. 1890, or before, we, the undersigned, jointly and severally, promise to pay to Johan Joergenson, or order, the sum of six hundred and sixty-one dollars, without interest. If we sell or remove the timber that we have bought on said Johan Joergenson's homestead claim, before the expiration of said four years, then this note shall be paid at the times of such sale or removal of said timber. Value received.

CHRISTIAN JOERGENSON.

MRS. CHRISTINE JOERGENSON."

(2) That this plaintiff is the owner and holder of said note, and that no part thereof has been paid. The plaintiff demanded judgment against the defendants, and each of them, for the said sum of six hundred and sixty-one dollars, with interest thereon at the rate of eight per cent. per annum from March 22, 1894, and for costs of this action. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against them, or either of them. The demurrer was sustained, and, the plaintiff having elected to stand upon his complaint, the action was dismissed on motion of counsel for defendants, and judgment entered for the defendants for their costs and disbursements. From this judgment the plaintiff has appealed to this court, and he alleges that the superior court erred (1) in sustaining the demurrer, and (2) in dismissing the action.

It appears to us too plain for controversy that the complaint states a cause of action. It is therein alleged that the respondents executed and delivered to appellant the note described therein, that appellant is the owner and holder thereof, and that the same has not been paid. No further allegations were either necessary or proper, and

it would seem necessarily to follow that the trial court
erred in sustaining the demurrer to the complaint. It is
stated, however, in the brief of appellant, that, as a matter
of fact, counsel for respondents did not, upon the hearing
of the demurrer, contend that the complaint did not state
facts sufficient to constitute a cause of action against the
respondents, but urged that it appeared upon the face of
the complaint that the action was barred by the statute
of limitations. Assuming that to be true, it is obvious
that a question was argued and considered which was not
presented by the demurrer to the complaint. When it
appears upon the face of the complaint that the action
was not commenced within the time limited by law, the
objection may be taken by demurrer. Bal. Code, § 4907,
subd. 7. But no such objection can properly be raised
upon a demurrer which merely alleges that the complaint
does not state facts sufficient to constitute a cause of ac-
tion. *Board v. First Presbyterian Church,* 19 Wash. 455
(53 Pac. 671).

The reason why the superior court sustained the de-
murrer to the complaint does not specifically appear in
the record, but it is asserted by counsel for appellant that
its decision was based upon the notion that the note in
question was not negotiable, because of the provision there-
in that, "If we sell or remove the timber that we have
bought on said Johan Joergenson's homestead claim, be-
fore the expiration of said four years, then this note shall
be paid at the time of such sale or removal of said tim-
ber." And if that be true, then the court must have pro-
ceeded upon the theory that, if the note was not negotiable,
the action was barred by the statute of limitations, for on
no other hypothesis that we can perceive could the ques-
tion whether it was negotiable or not have been deemed
material. The note sued on, if not negotiable, became

due on March 22, 1894; but, if it was negotiable, it did not become collectible until March 25, 1894, for the maker was entitled to his three days of grace. Bal. Code, § 3655. An action on a promissory note is not barred by the statute of limitations in this state until six years after a cause of action thereon has accrued. Bal. Code, § 4798. And no action can be maintained on a negotiable promissory note before the expiration of the last day of grace. *Benson v. Adams,* 69 Ind. 353 (35 Am. Rep. 220); *Estes v. Tower,* 102 Mass. 65 (3 Am. Rep. 439).

This action was commenced on March 24, 1900, and, assuming that the note in question is negotiable, it follows that the action was begun within the time limited by law. The statute applicable to this case defines "negotiable notes" as follows:

"All notes in writing made and signed by any person whereby he shall promise to pay to any other person or his order, or unto the bearer, any sum of money therein mentioned, shall be due and payable as therein expressed, and shall have the same effect and be negotiable in like manner as inland bills of exchange according to the custom of merchants." Bal. Code, § 3650.

Under this statute, which is but declaratory of the pre-existing law, the promissory note in controversy is, according to the great weight of authority, clearly a negotiable instrument. It contains all the essentials of such an instrument as defined by text-writers and by the courts.

"A promissory note   .   .   .   is an open promise in writing by one person to pay another person therein named, or to his order, or to bearer, a specified sum of money absolutely and at all events." 1 Daniel, Negotiable Instruments (4th ed.), § 28.

The promise in the instrument in question is that the promisor will pay a certain sum of money, absolutely and at all events, to a person therein designated, or to his order,

at a fixed and definite time; and the stipulation that the maker shall pay the note before the expiration of the said four years, if he shall sell or remove certain timber from appellant's homestead claim, did not change or destroy his absolute liability to pay at the time designated, namely, "four years from the 22d day of March, A. D. 1890." The mere fact that a note may become due prior to the time of its absolute payment, upon the happening of a certain event, does not affect its negotiability, according to the better authorities. In *Ernst v. Steckman*, 74 Pa. St. 13 (15 Am. Rep. 542), the supreme court of Pennsylvania held that a note made payable twelve months after date, "or before if made out of" a certain described machine, was negotiable; and, in discussing the question, that learned court observed:

"The principle to be deduced from the authorities is this: To constitute a negotiable promissory note, the time, or the event, for its ultimate payment, must be fixed and certain; yet it may be made subject to contingencies, upon the happening of which, prior to the time of its absolute payment, it shall become due. The contingency depends upon some act done or omitted to be done by the maker, or upon the occurrence of some event indicated in the note; and not upon any act of the payee or holder, whereby the note may become due at an earlier day."

This case is directly in point here. And the following cases are to the same effect: *Charlton v. Reed*, 61 Iowa, 166 (16 N. W. 64, 47 Am. Rep. 808); *Dobbins v. Oberman*, 17 Neb. 163 (22 N. W. 356); *Stevens v. Blunt*, 7 Mass. 240; *Cota v. Buck*, 7 Metc. 588 (41 Am. Dec. 464); *Kiskadden v. Allen*, 7 Colo. 206 (3 Pac. 221); *Walker v. Woollen*, 54 Ind. 164 (23 Am. Rep. 639); *Capron v. Capron*, 44 Vt. 410. See, also, 1 Daniel, Negotiable Instruments (4th ed.), §§ 44, 45.

No brief has been filed in this case in this court on the part of the respondents, and we have discussed the question of the defense of the statute of limitations solely because of the suggestion of counsel for appellant that that question was actually considered by the court below in passing upon the demurrer to the complaint. Upon no theory suggested by counsel can the judgment be sustained, and it is therefore reversed, and the cause remanded, with instructions to overrule the demurrer.

REAVIS, C. J., and MOUNT, FULLERTON and DUNBAR, JJ., concur.