[No. 11935. Department One. September 15, 1914.]

GEORGE W. BRIGHT, *Respondent*, v. J. W. OFFIELD *et al.*,
        *Appellants*, J. P. JAMES *et al.*, *Defendants*.[1]

BILLS AND NOTES—NEGOTIABILITY—RECITALS AS TO MORTGAGE. A
recital in a note that it is of even date with a mortgage securing
the note, but without expressly adopting the conditions of the mort-
gage, renders the mortgage ancillary thereto, the conditions of which
alone do not change the character of the note as a negotiable instru-
ment, under Rem. & Bal. Code, § 3394, providing that an unqualified
order or promise to pay is unconditional though coupled with "a
statement of the transaction which gives rise to the instrument."

SAME—PAYMENT—MATURITY OF NOTE—ACCELERATION—DEFAULT OF
MAKER. Conditions in a note that if default be made in the pay-
ment of any of certain interest notes, as the same mature, for the
space of thirty days, the whole amount of the note will at once be
due and payable, together with provisions for payment with ex-
change on New York and for a reasonable attorney's fee in case of
suit, do not render the note nonnegotiable, Rem. & Bal. Code, § 3393,
providing that the sum payable is a sum certain, although to be
paid by stated installments, with a provision that upon default in
payment of interest the whole shall become due; or with exchange,
whether at a fixed rate, or the current rate, or with attorney's fees
in case payment shall not be made at maturity.

SAME—MATURITY—ACCELERATION—CONTINGENT PAYMENT. A pro-
vision in a note accelerating maturity by nonpayment of taxes and
assessments on property mortgaged to secure the note does not render
the note nonnegotiable, when considered only with reference to the
time of payment, and without regard to the amount thereof, Rem. &
Bal. Code, § 3395, subd. 2, providing that an instrument is payable
at a determinable future time, within the meaning of the act, which
is expressed to be payable on or before a fixed or determinable fu-
ture time specified therein, applying to a note in which the only
time of payment is "on or at a fixed period after the occurrence of
a specified event which is certain to happen," and not to a note
payable at all events at a time certain, but accelerated in maturity
on the happening of a contingency.

SAME—PAYMENT OF NOTE—AMOUNT DUE—CERTAINTY. The nego-
tiable character of a note is destroyed by a provision therein re-
citing that if the maker shall allow the taxes or any other public
rates and assessments on the mortgaged property to become delin-

[1]Reported in 143 Pac. 159.

quent, or in case any taxes or assessments shall be levied against the holder on account of the note, then the whole amount secured shall become due and payable, and the mortgagee may at once proceed to collect the note and foreclose the mortgage given to secure the same, and sell the property, or so much as shall be necessary to satisfy the debt, interest and costs, and all taxes, public rates or assessments that may be due thereon; since there is an implication that the maker of the note is charged with the payment of the taxes, etc., the amount of which is uncertain, thereby rendering the amount of recovery under the note uncertain.

SAME—MATURITY—ACCELERATION—IMPAIRING SECURITY. A provision in a note secured by a mortgage that if the maker shall do any act whereby the value of said mortgaged property shall be impaired, the whole amount shall become due and payable, and the mortgagee may proceed to collect the debt and foreclose the mortgage, destroys the negotiability of the note, since it is, in effect, an undertaking to prevent the doing of certain things in addition to the payment of money, and the provision being similar to a condition authorizing the holder to declare the note due at any time he may deem the debt insecure, thereby destroying the negotiable character of the note.

SAME—NONNEGOTIABLE NOTE—INDORSEMENT. The indorsement of a nonnegotiable note operates only as an assignment, and does not make the assignor liable thereon either as maker, guarantor, or indorser.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered January 3, 1914, upon findings in favor of the plaintiff, in an action on a promissory note, after a trial to the court. Reversed.

*Charles E. Congleton*, for appellants.

*Hamlin & Meier*, for respondent.

ELLIS, J.—The plaintiff brought this action to recover judgment against the defendants as maker and indorsers of an instrument which reads as follows:

"On the first day of December, 1913, for value received, I promise to pay to Guaranty Loan & Investment Company, of Spokane, Washington, or order, the principal sum of fifteen hundred dollars ($1,500), with interest thereon, at the rate of eight per cent per year, from the date hereof until ma-

turity, payable semi-annually according to the tenor of six interest notes, each for sixty dollars (60), bearing even date herewith; both principal and interest notes payable at the office of Guaranty Loan & Investment Co., Spokane, Wash. (with exchange on New York). And if default be made in the payment of any of said notes so secured, or any part of them, as the same mature, for the space of thirty days, or if the maker of this note and interest notes attached hereto shall allow the taxes or any other public rates and assessments on the mortgaged property, or any part thereof, securing the aforesaid notes, to become delinquent, or shall do any act whereby the value of said mortgaged property shall be impaired, or in case any taxes or assessments shall be levied against the holder of this note, on account of this note, then upon the happening of any of said contingencies, the whole amount herein secured shall at once become due and payable, and the mortagee, its legal representatives or assigns, may proceed at once to collect these notes and foreclose the mortgage given to secure the same, and sell the mortgaged property, or so much thereof as shall be necessary to satisfy said debt, interest and costs, and all taxes, public rates, or assessments that may be due thereon, together with a reasonable attorneys fee, if suit be commenced for the purpose of collecting this debt or foreclosing the mortgage securing the same. It is expressly agreed and declared that these notes are made and executed under and are in all respects to be construed by the laws of the state of Washington, and are secured by mortgage of even date herewith, duly recorded in Spokane county, of the state of Washington. This note bears interest at the rate of twelve per cent per annum, payable yearly, after maturity.

"Dated at Spokane, State of Washington, this first day of December, 1910.          J. P. James."

This instrument was, by the payee, indorsed and delivered to defendant Harry E. Watson, and by the defendant Harry E. Watson to defendant J. W. Offield, and by the defendant Offield to one Samuel J. Nunn. The plaintiff is merely a holder for Nunn for collection. The defendants Offield interposed a general demurrer to the complaint, which was overruled. The issues having been formed, the case was

tried to the court without a jury. Judgment was rendered against the defendants James P. James and J. W. Offield, and each of them, and against the community composed of J. W. Offield and wife. The defendants Offield and wife have appealed.

The appellants contend that the instrument in question is not negotiable because of the provisions of the negotiable instruments act. It is clear that if the note runs counter to that act, it is because of some of the following provisions found in §§ 1, 2, 3, 4, and 5 of the act (Laws 1899, p. 340). We quote by section numbers from Rem. & Bal. Code:

"Sec. 3392. An instrument to be negotiable must conform to the following requirements:  .  .  .

"2.    Must contain an unconditional promise or order to pay a sum certain in money;

"3.    Must be payable on demand, or at a fixed or determinable future time.

"Sec. 3393.    The sum payable is a sum certain within the meaning of this act, although it is to be paid—

"1.    With interest; or

"2.    By stated installments; or

"3.    By stated installments, with a provision that upon default in payment of any installment or of interest, the whole shall become due; or

"4.    With exchange, whether at a fixed rate or at the current rate; or

"5.    With costs of collection or an attorney's fees, in case payment shall not be made at maturity.

"Sec. 3394.    An unqualified order or promise to pay is unconditional within the meaning of this act, though coupled with—  .  .  .

"2.    A statement of the transaction which gives rise to the instrument.

"Sec. 3395.    An instrument is payable at a determinable future time, within the meaning of this act, which is expressed to be payable—

"1.    At a fixed period after date or sight; or

"2.    On or before a fixed or determinable future time specified therein; or

"3.  On or at a fixed period after the occurrence of a specified event, which is certain to happen, though the time of happening be uncertain.

"An instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect.

"Sec. 3396.  An instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable.  But the negotiable character of an instrument otherwise negotiable is not affected by a provision which—

"1.  Authorizes the sale of collateral securities in case the instrument be not paid at maturity; or

"2.  Authorizes a confession of judgment if the instrument be not paid at maturity; or

"3.  Waives the benefit of any law intended for the advantage or protection of the obligor; or

"4.  Gives the holder an election to require something to be done in lieu of payment of money.

"But nothing in this section shall validate any provision or stipulation otherwise illegal."  (P. C. 357 §§ 1, 3, 5, 7, 9.)

The appellants claim that the conditions in the note providing for an acceleration of maturity on certain contingencies render the note nonnegotiable.  One decision is cited which holds that a mere recital in the note that it is of even date with a mortgage which is collateral to the note imports into the note all of the conditions contained in the mortgage and renders the note nonnegotiable.  *Brooke v. Struthers*, 110 Mich. 562, 63 N. W. 272, 35 L. R. A. 536.  According to what we believe to be the better rule, a mortgage securing a note, though referred to in the note but without expressly adopting its conditions, is merely ancillary to the note, and the conditions found in the mortgage alone will not change the character of the note as a negotiable instrument.  The promise to pay is held to be a distinct agreement from the mortgage, and if couched in proper terms, the note is negotiable.  *Thorp v. Mindeman*, 123 Wis. 149, 101 N. W. 417, 107 Am. St. 1003, 68 L. R. A. 146; *Frost v. Fisher*, 13

Colo. 322, 58 Pac. 872. This would seem to follow from the provision found in the third section of the negotiable instruments act (Rem. & Bal. Code, § 3394), above quoted. The reference to the mortgage would be a mere "statement of the transaction which gave rise to the instrument."

Here, however, the conditions which it is claimed render the note nonnegotiable are found in the note itself. Segregating the conditions contained in the note so as to consider their effect separately, the first we shall notice is this: ". . . if default be made in the payment of any of said notes so secured, or any part of them, as the same mature, for the space of thirty days . . . then . . . the whole amount herein secured shall at once become due and payable." This and the provisions for payment "with exchange on New York" and for a reasonable attorney's fee in case of suit, are clearly covered by the second section of the act (Rem. & Bal. Code, § 3393), above quoted. They do not render the note nonnegotiable. Slover, Negotiable Instruments (2d ed.), § 40, pp. 54 et seq.

Another condition is as follows:

"If the maker . . . shall allow the taxes or any other public rates and assessments on the mortgaged property . . . to become delinquent . . . or in case any taxes or assessments shall be levied against the holder . . . on account of this note, . . . then . . . the whole amount herein secured shall at once become due and payable, and the mortgagee, its legal representatives or assigns, may proceed at once to collect these notes and foreclose the mortgage," etc.

It is urged that the provisions run counter to §§ 1 and 4 of the act (Rem. & Bal. Code, §§ 3392, 3395, supra) in that they render the note not "payable on demand or at a fixed or determinable future time," as provided in § 1, and not payable "on or at a fixed period after the occurrence of a specified event, which is certain to happen," as the phrase "determinable future time" is defined in § 4. It will be noted that the negotiable instruments act contains no express provision

covering or declaring the effect of a stipulation in the note itself, accelerating the time of payment of the whole debt upon default of the maker in the payment of taxes upon the mortgaged property or upon the note itself. The last section of the act, Rem. & Bal. Code, § 3586 (P. C. 357 § 393), declares that in cases not covered by the act "the rules of the law-merchant shall govern." In *Joergenson v. Joergenson,* 28 Wash. 477, 68 Pac. 913, 92 Am. St. 888, which was decided without reference to the negotiable instruments act, but solely with reference to the old statute, Ballinger's Code, § 3650, which was there said to be but declaratory of the preexisting law, apparently meaning the law-merchant, it was held, following and quoting the supreme court of Pennsylvania, in *Ernst v. Steckman,* 74 Pa. St. 13, 15 Am. Rep. 542, that:

"The principle to be deduced from the authorities is this: To constitute a negotiable promissory note, the time, or the event, for its ultimate payment, must be fixed and certain; yet it may be made subject to contingencies, upon the happening of which, prior to the time of its absolute payment, it shall become due. The contingency depends upon some act done or omitted to be done by the maker, or upon the occurrence of some event indicated in the note; and not upon any act of the payee or holder, whereby the note may become due at an earlier day."

We are of the opinion that the second subdivision of § 4 of the negotiable instruments' act applies to notes in which the only time of payment is "on or at a fixed period after the occurrence of a specified event which is certain to happen," etc., and not to a note payable at all events at a time certain but accelerated in maturity on the happening of a contingency. Considered only with reference to the time of payment, and without regard to the amount of payment, the provision of this note accelerating maturity on account of nonpayment of taxes, etc., would not render the note nonnegotiable under the rule announced in the *Joergenson* case.

There is another phase of this condition of the note, however, which makes the undertaking uncertain in the amount to be paid in case of acceleration of maturity by such delinquency of taxes, a condition not presented in the *Joergenson* case. Though there is no direct undertaking in the note for the payment of any of these taxes by the maker of the note, there is a necessary implication to that effect. There is a clear and direct provision penalizing him if he does not pay them, and permitting the mortgagee, its legal representatives or assigns, to at once collect the notes and foreclose the mortgage, thus clearly connecting the two instruments on the happening of this contingency, in which case the amount of recovery shall include not only the debt and interest, but also all taxes, public rates or assessments that may be due thereon. Since the amount of these taxes, rates and assessments is uncertain, the amount of recovery would be uncertain. This provision, therefore, renders the note not merely an unconditional promise to pay a sum certain, but also, in necessary effect, a conditional promise to pay an uncertain sum. The note, by its terms, is, in addition to a promise to pay a certain sum of money, a thinly veiled promise to pay the taxes on the mortgaged property, and not to allow taxes to be levied against the holder on account of the note. It is equivalent to a promise to pay these charges when due. So viewed, the instrument falls directly within the rule announced by the United States circuit court in *Farquhar v. Fidelity Insurance Co.*, 8 Fed. Cas., p. 1068, No. 4676, where it is said:

"Overlooking the clause touching attorney's commission, how can it be said, that the notes are either unconditional or certain in amount, in view of the stipulation for the payment of taxes or charges in the nature thereof, assessed upon the principal or interest? Liable to taxation as the property and in the hands of the holders (and this is the import of the stipulation); in some places they would probably be free from this charge, while in others they may be subjected to indefi-

nite and varying rates of taxation, so that the amount to be paid by the maker, either before or at the maturity of the notes, would fluctuate according to collateral circumstances, and be dependent upon the domicile of the holder. And of these contemplated charges, or additions to the nominal consideration, the notes themselves indicate no standard of measurement. They could only be ascertained by reference to extrinsic circumstances, and thus the amount to be paid by the maker is left indeterminate and subject to possible contention. Instruments whose consideration is thus fluctuating and indefinite, and which are laden with such embarrassments to their circulation, could not perform the functions, and therefore do not possess the character of negotiable paper."

See, also, *Howell v. Todd*, 12 Fed. Cases, p. 707, No. 6783; *Walker v. Thompson*, 108 Mich. 686, 66 N. W. 584; *Carmody v. Crane*, 110 Mich. 508, 68 N. W. 268; *Wistrand v. Parker*, 7 Kan. App. 562, 52 Pac. 59.

The instrument further provides that, "if the maker . . . shall do any act whereby the value of said mortgaged property shall be impaired," the whole amount shall at once become due and payable, and the mortgagee may proceed to collect the notes and foreclose the mortgage. This would authorize the holder of the note to proceed to collect the note and foreclose the mortgage upon the doing of any one of an almost infinite variety of things, such as suffering or committing waste, suffering the buildings to burn without replacing them, suffering a nuisance to be maintained upon the mortgaged or adjacent property, permitting undesirable tenants to occupy the premises, and many other things which might be suggested. It is, in effect, an undertaking to prevent these things, in addition to the payment of money. This provision is closely allied to a provision authorizing the holder of a note to declare it due at any time he may deem the debt insecure. Such a provision usually, and we think soundly, is held to destroy the negotiability of the note. *First National Bank v. Bynum*, 84 N. C. 24, 37 Am. Rep. 604;

*Smith v. Marland,* 59 Iowa 645, 13 N. W. 852; *Holliday State Bank v. Hoffman,* 85 Kan. 71, 116 Pac. 239, 35 L. R. A. (N. S.) 390.

See, also, *Killam v. Schoeps,* 26 Kan. 310, 40 Am. Rep. 313.

This instrument is a contract in which the maker has undertaken to do many things beside the payment of a sum certain in money. It is not a negotiable promissory note. Rem. & Bal. Code, § 3396, *supra.* The instrument being nonnegotiable, the writing of the appellant's name on the back of it operated only as an assignment of it. The appellant did not thereby make himself liable either as maker, guarantor, or indorser. *Thomson v. Koch,* 62 Wash. 438, 113 Pac. 1110; *Roy & Roy v. Northern Pac. R. Co.,* 42 Wash. 572, 85 Pac. 53, 6 L. R. A. (N. S.) 302. This conclusion renders it unnecessary to notice the other questions discussed in the briefs.

The judgment against the defendants J. W. Offield and the community consisting of J. W. Offield and Nettie C. Offield is reversed.

CROW, C. J., MAIN, and MOUNT, JJ., concur.