PAXTON *v.* MILLER ET AL.

[No. 15,138. Filed February 18, 1936. Rehearing denied April 24, 1936. Transfer denied October 1, 1936.]

*Bomberger, Peters & Morthland* and *Glenn D. Peters,* for appellant.

*Henry C. Cleveland, Wasson Wilson,* and *Wilson, Crites & Wilson,* for appellees.

WIECKING, J.—This was an action by appellees below for the foreclosure of certain notes and a mortgage in the sum of Six Thousand Dollars ($6,000.00) executed by appellant and her husband on the 27th day of November, 1929,. due three years after date with interest payable semi-annually. The complaint was in one paragraph alleging failure to pay the interest due May 27, 1932, and that the appellees were holders of the notes (bonds) in due course and without notice. To this complaint the appellant filed an answer in two paragraphs, the first in general denial, and the second alleging want of consideration. The appellees filed a demurrer to the second paragraph of answer, which demurrer was sustained by the court. The appellant then with leave of court with-

drew her first paragraph of answer in general denial and refused to plead further, whereupon the court rendered judgment for the appellees. The sole error assigned to this court is the action of the trial court in sustaining the appellee's demurrer to the appellant's second paragraph of answer.

The appellant's contention is that the notes in question were not negotiable instruments within the meaning of the Uniform Negotiable Instruments Law, and being non-negotiable were subject to all defenses even in the hands of purchasers before maturity and without notice.

It is conceded by both parties that the whole matter turns upon a certain clause contained in said bonds. The bonds on their face showed themselves to be signed by the maker, were a promise to pay a sum certain in money and were payable to Hammond National Bank and Trust Company or bearer. They were due three years after date. Each bond also contained the following clauses:

"And it is hereby agreed that if default be made in the payment of any one of said interest coupons when the same becomes due, or in case of a breach of any of the covenants contained in a mortgage deed securing the payment hereof, then at the election of the legal holder hereof and without notice said principal sum and all interest accrued thereon and attorneys' fees shall at once become due and payable anything hereinbefore contained to the contrary notwithstanding."

The contention of appellant is that because of this clause in the bond, the liability of the appellant and the rights of the appellees cannot be completely determined from the face of the notes or bonds and that it qualifies and makes uncertain or conditional the promise to pay. Appellees contend that the promise to pay is certain and unconditional and that the clause in question only accelerates maturity for failure to pay interest and installments when due.

Under Section 19-101, Burns' Annotated Statutes (Indiana) 1933 (§12818, Baldwin's 1934), in order for an instrument to be negotiable, it must conform to certain requirements, among which are:

1. "It must contain an unconditional promise or order to pay a sum certain in money."
2. "Must be payable on demand, or at a fixed or determinable future time," and
3. "Must be payable to order or to bearer"
Section 19-101, Burns' Annotated Statutes (Indiana) 1933; Sec. 1, Chap. 63, Acts of 1913, page 120.

Under Section 19-102, Burns' Annotated Statutes (Indiana) 1933 (§12819, Baldwin's 1934), being Section 2 of Chapter 63 of the Acts of 1913 "the sum payable is a sum certain within the meaning of this Act, although it is to be paid: ...

"(3) By stated installments, with a provision that upon default in the payment of any installment or of interest, the whole shall become due."

Another section of the same act (Negotiable Instruments Law) must also be considered with this question. That is Section 19-104 of Burns' Annotated Statutes (Indiana) 1933 (§12821, Baldwin's 1934), which is as follows:

"19-104 (11363). Time for payment. An instrument is payable at a determinable future time, within the meaning of this act, which is expressed to be payable:
1. At a fixed period after date or sight; or
2. On or before a fixed or determinable future time specified therein; or
3. On or at a fixed period after the occurrence of a specified event, which is certain to happen, though the time of happening be uncertain.
An instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect."

The provisions of the Negotiable Instruments Law are only declaratory of the law merchant as it existed in most

jurisdictions. Most of the rules of the law merchant were thoroughly established prior to the passage of the Negotiable Instruments Law and were practically the same in most jurisdictions. The interpretations of the law merchant differed in many appellate tribunals and generally the Uniform Negotiable Instruments Law adopted the rule that was supported by the greater weight of authority. Some difference still exist in phraseology in the various states but in the greater part the subject-matter and the language are the same in the states that have adopted the uniform law. The foregoing being so, the opinions adopted before the passage of our Act have some weight in the solution of the present problem.

If we omit from the bond in question in this case the words "or in case of a breach of any of the covenants contained in a mortgage deed securing the payment hereof," it becomes a negotiable instrument within the meaning of Sections 19-101, 19-102 and 19-104, *supra,* because it contains a definite promise to pay "three years after date" or sooner "if default be made in the payment of any one of said interest coupons when the same becomes due" on the election of the holder. On the other hand if we omit "three years after date" the instrument is immediately transformed into a non-negotiable instrument because it then becomes payable only on default of interest or a breach of covenant and these words standing alone, it is payable only on a "contingency" within the meaning of Section 19-104, *supra.*

The rule is well established in this state, however, that we are not permitted to ignore any word found in the instrument, but must consider the whole note or bond in determining whether or not it is negotiable within the meaning of the Negotiable Instruments Law.

The debt under this bond becomes due in any event "three years after date" and while it may become due

sooner upon an act or omission of the mortgagor, the debt cannot extend beyond the fixed and definite period set out in the instrument. Any other interpretation would completely nullify the words "three years after date."

Before the enactment of our Negotiable Instruments Law our courts had held that the language which merely accelerated the date of payment did not destroy the negotiability of the instrument. *Walker* v. *Woollen et al.* (1876), 54 Ind. 164; *Cornell* v. *Nebeker* (1877), 58 Ind. 425; *Woollen* v. *Ulrich et al.* (1878), 64 Ind. 120.

In the case of *Walker* v. *Woollen, supra,* the court said (p. 166) :

"A note, in order that it be negotiable in accordance with the law merchant, must be payable unconditionally and at all events, and at some fixed period of time, or upon some event which must inevitably happen. But the note here, as we have seen, contains an unconditional promise to pay the money at the expiration of six months from its date. It contains a promise, it is true, to pay the money before that time if it should be made out of the sale of the property mentioned. But this conditional promise to pay the money before the time specified, unless performed, does not abrogate or interfere with the absolute promise to pay at the expiration of the time. The conditional promise not being performed, the absolute promise to pay at the expiration of the time specified remains in full force. Such conditional promise, embodied in a note containing an absolute promise to pay at a time specified, does not destroy the negotiable qualities of the paper, or take it out of the operation of the law merchant."

Similar questions have been before courts of other jurisdictions under negotiable instrument laws similar to our own statute and such clauses have been held not to destroy the negotiability of the instrument. *Nickell* v. *Bradshaw* (1919), 94 Ore. 580, 183 Pac. 12, 11 A. L.

R. 623; *Thorp* v. *Mindeman* (1904), 101 N. W. (Wis.) 417.

> "Stated broadly, the overwhelming weight of authority is to the effect that where a note is made payable on a definite day and also contains a conditional promise to pay at an earlier time, the instrument is not rendered non-negotiable by the acceleration clause; *Kiscadden* v. *Allen,* 7 Colo. 206 (3 Pac. 221) ; *Walker* v. *Woollen,* 54 Ind. 164 (23 Am. Rep. 639) ; *Charlton* v. *Reed,* 61 Iowa 166, 47 Am. Rep. 808 (16 N. W. 64) ; *Dobbins* v. *Obermann,* 17 Neb. 163 (22 N. W. 356) ; *Ernst* v. *Steckman,* 74 Pa. St. 13 (15 Am. Rep. 542) ; *Joergenson* v. *Joergenson,* 28 Wash. 477 (92 Am. St. Rep. 888, 68 Pac. 913) ; *Chicago Ry. Co.* v. *Merchants Bank,* 136 U. S. 268 (34 L. Ed. 349, 10 Sup. Ct. Rep. 999) ; *Smith* v. *Nelson Land and Cattle Co.* (128 C. C. A. 512) ; 212 Fed. 56; *White* v. *Hatcher,* 135 Tenn. 609 (188 S. W. 61) ; *Bright* v. *Offield,* 81 Wash. 442 (143 Pac. 159) ; *Utah State Nat. Bank* v. *Smith,* 180 Cal. 1 (179 Pac. 160) ; *First Nat. Bank* v. *Barrett,* 52 Mont. 359 (157 Pac. 951) ; *Siegal* v. *Chicago Trust & Sav. Bank,* 131 Ill. 569 (7 L. R. A. 537, 19 Am. St. Rep. 51, 23 N. E. 417) ; 3 R. C. L. 908; Selover, Neg. Inst. (2d Ed.), 70; Easton &.G., Com. Paper, 220." *Nickell* v. *Bradshaw, supra* (p. 594).

The apparent difficulty in formulating a definite rule or in applying the rule stated above is to distinguish between the various types of acceleration clauses.

In this state, one type of clause to the effect that, "If at any time the holder of the note deems himself insecure he may declare the debt due," has been held to destroy the negotiability of the instrument. *Guio et al.* v. *Lutes* (1933), 97 Ind. App. 157, 184 N. E. 416, and cases there cited. This is in harmony with the cases decided in the majority of jurisdictions where the Uniform Negotiable Instruments Law is in effect. The decision in this type of case is on the theory that such a provision gives the holder of the instrument unlimited authority to accelerate the maturity of the note.

However, there is another line of cases dealing with clauses where the acceleration depends upon an act done or omitted to be done by the maker and not upon any act of the payee or holder. The weight of authority favors the negotiability of the instrument under such a state of facts. *Nickel* v. *Bradshaw, supra; Thorp* v. *Mindeman, supra; Chicago R. Equipment Co.* v. *Merchants' Bank* (1890), 136 U. S. 268, 10 S. Ct. 999, 34 L. Ed. 349.

In the instant case the clause complained of in the instrument only accelerates the date of payment and then only on account of an act done or omitted to be done by the maker. The question involved in this case has not previously been decided by the courts of this state. We, therefore, are free to adopt the rule which we consider to be supported by the greater weight of authority and hold that the clause in question does not destroy the negotiability of the bond but is only an acceleration clause. The language comes within that phrase of the statute which allows an instrument to be payable *"on or before* a fixed or determinable future time specified therein" since the instrument is due in any event three years after date. Acceleration clauses are expressly sanctioned by Section 19-102, *supra.* A note payable "on or before" a date certain is negotiable under our statute and we can see no real difference between such a note and the instrument here in suit which *may* become due upon default of the maker and at the option of the holder. Such a note is not payable on a contingency within the meaning of our Negotiable Instruments Law. The instrument signed by the Paxtons conforms with the requirements of Section 19-101, Burns' Annotated Statutes (Indiana) 1933 and is a negotiable instrument. *Chicago R. Co.* v. *Merchants National Bank, supra; Nickel* v. *Bradshaw, supra; First National Bank of Birmingham* v. *DeJernett* (1935), 159

Southern (Ala.) 73; *Hunter* v. *Clarke* (1900), 36 N. E. (Ill.) 297.

There was no error of the court in sustaining the demurrer to appellant's answer.

Judgment affirmed.

Curtis, C. J., not participating.