## Case No. 4,676.

FARQUHAR et al. v. FIDELITY INS., ETC., CO. et al.

[35 Leg. Int. 404; 13 Phila. 473; 18 Alb. Law J. 330; 6 Reporter, 676; 7 Cent. Law J. 334; 11 Chi. Leg. News, 49; 24 Int. Rev. Rec. 334; 26 Pittsb. Leg. J. 43.][1]

Circuit Court, E. D. Pennsylvania. Oct. 7, 1878.

McKENNAN, Circuit Judge. It is an essential feature of a negotiable note that it should be made transferable, so as to give the holder a right of action in his own name. Hence it has been held that the use of the ordinary terms "or order," "or bearer," are not indispensable to impress upon it this quality of transferability. Words of equivalent meaning, which clearly show the intention of the maker, are equally effectual. This is the import of most of the authorities referred to by the counsel for the respondents. They only determine that words in a bill or note, from which it can be inferred that the person making it intended it to be negotiable, will give it a transferable quality against that person; but they do not indicate that a bill or note is invested with the full attributes of commercial negotiability by being thus made transferable. It is just as essential to the peculiar nature of such an instrument that it should be "simple, certain, unconditional—not subject to any contin-

[1] [Reprinted from 35 Leg. Int. 404, by permission. 6 Reporter, 676, and 7 Cent. Law J. 334, contain only partial reports.]

gency." Woods v. North [84 Pa. St. 407]; Story, Prom. Notes, 1. And although there may be reason for the difference of judicial decision which exists, as to the effect upon the commercial character of a note, of a provision for the additional payment of a fixed percentage for collection, which is expressed upon its face, yet there is no conflict of opinion as to the effect of such provision, where the amount of the addition is determinable only by extrinsic evidence. An indefinite obligation is obviously unadapted to the exigencies of commercial paper, which derives its peculiar qualities from the intended freedom and facility of its circulation, and the consequent necessity that it should carry upon its face unambiguous evidence of the maker's liability, and should denote, with precision, how much the maker is bound to pay and the holder is entitled to receive.

The notes, which are the subject of this litigation, are objectionable on this ground. They are secured by mortgage, are for $5000 each, payable to bearer in ten years, with interest semi-annually, "together with an attorney's commission of five per cent. for collection, in case suit be instituted hereon, and together with all taxes and charges in the nature thereof that may be levied upon this note or upon the indenture of mortgage accompanying the same, or the principal or interest moneys thereby secured, immediately upon their assessment." Overlooking the clause touching attorney's commission, how can it be said, that the notes are either unconditional or certain in amount, in view of the stipulation for the payment of taxes or charges in the nature thereof, assessed upon the principal or interest? Liable to taxation as the property and in the hands of the holders (and this is the import of the stipulation); in some places they would probably be free from this charge, while in others they may be subjected to indefinite and varying rates of taxation, so that the amount to be paid by the maker, either before or at the maturity of the notes, would fluctuate according to collateral circumstances, and be dependent upon the domicil of the holder. And of these contemplated charges, or additions to the nominal consideration, the notes themselves indicate no standard of measurement. They could only be ascertained by reference to extrinsic circumstances, and thus the amount to be paid by the maker is left indeterminate and subject to possible contention. Instruments whose consideration is thus fluctuating and indefinite, and which are laden with such embarrassments to their circulation, could not perform the functions, and therefore do not possess the character of negotiable paper.

This view of the nature of these securities renders it unnecessary to consider the other reasons urged in favor of the motion. While they are, therefore, generally subject to the equities set up in the bill as the ground of the relief prayed for, there is no impeach-ment of the title of the Fidelity Company to those of the notes held by it. Inasmuch, however, as the foreclosure proceedings were not commenced until some time after the adjudication in bankruptcy, and without the leave of the bankruptcy court to that end, and as the interests of all the creditors of the bankrupts will be best subserved by an administration and distribution of their assets under the direction of a single tribunal, an injunction is awarded against the further prosecution of the foreclosure proceedings until the further order of this court.