[No. 13742. Department Two. June 4, 1917.]

COOLIDGE & McCLAINE, *Plaintiff*, v. ROBERT S. SALTMARSH
*et al., Respondents*, WILLIAM McCOWAT, *Appellant.*[1]

BILLS AND NOTES—NEGOTIABILITY—AMOUNT CERTAIN. A mortgage note agreeing to pay any taxes assessed upon the note or mortgage is not negotiable, in view of Rem. Code, § 3392, providing that, to be negotiable, an instrument "must contain an unconditional promise or order to pay a sum certain in money;" notwithstanding there is no law in force for the taxation of notes and mortgages, as they may be subjected to taxation, leaving the amount to be paid uncertain.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered April 20, 1916, upon findings in favor of the mortgagees, upon issues raised by defendant's cross-complaint, in an action to foreclose a mortgage, tried to the court. Affirmed.

*John Pattison* and *John W. Hanna*, for appellant.

*Walter & Washington* and *Sam B. Hill*, for respondents.

[1]Reported in 165 Pac. 508.

PER CURIAM.—The plaintiff, Coolidge & McClaine, a corporation, as holder of a promissory note and mortgage executed by Robert S. Saltmarsh and Margaret Saltmarsh, brought an action against them to foreclose the same, making a party defendant also William McCowat, who held a subsequent mortgage covering the same land. The court rendered decree foreclosing the Coolidge & McClaine mortgage. On issues raised between the Saltmarshes and McCowat on the latter's note and mortgage, which he held by transfer from the original payee, the court held that the note was a nonnegotiable one and therefore subject, in the hands of McCowat as assignee, to all the defenses which the makers had against the original payee. The defendant McCowat appeals.

The attorneys for both appellant and respondents agree that the only issue in the case is the negotiability of the note, it having been established that it was procured by fraud on the part of D. Ryrie, the original payee, from whom it had been purchased by appellant.

The promissory note, given by Saltmarsh and wife to Ryrie and transferred by him to McCowat, is as follows:

"$2400.00          Coulee City, Washington, Feb. 25, 1911.

"On the first day of January A. D. 1916, I promise to pay to the order of D. Ryrie, Spokane, Washington, the sum of twenty-four hundred and no-100 dollars, United States Gold Coin of the present standard of weight and fineness, payable at Spokane, Wash., with interest thereon, in like coin, after maturity, until paid, at the rate of eight per cent per annum. And in case suit or action is instituted to collect this note or any part thereof, I promise to pay in addition to the costs and disbursements provided by statute such sum as the court may adjudge reasonable as attorney's fees in such suit or action, and to pay, in each year, on or before ten days before the same become delinquent, at said office, the taxes assessed in the state of Washington, upon the mortgage given to secure this note and the debt thereby secured, or upon this note or any part thereof. This note is given for the principal on an actual loan of twenty-four hun-

dred and no-100 dollars, United States Gold Coin, and is secured by a mortgage on real estate of even date herewith.

"I contract and agree, that if the mortgaged property shall not, in the event of a foreclosure sale thereof, realize sufficient to pay in full the sum due under said mortgage, together with costs and expenses of foreclosure action, a deficiency judgment shall be rendered for any unpaid balance, which I promise to pay.

No. of Note ——          Robert S. Saltmarsh,
Loan No. 728.          Margaret Saltmarsh."

The negotiable instruments act (Rem. Code, § 3392) declares that an instrument "must contain an unconditional promise or order to pay a sum certain in money" in order to be negotiable. The note in question, in addition to being for a sum named, also contains a promise to pay any taxes assessed upon the note or upon the mortgage securing it. We held in *Bright v. Offield*, 81 Wash. 442, 143 Pac. 159, that such a provision in the note renders it nonnegotiable. In that case there was involved a provision in the note for payment of taxes, which constituted an implied rather than a direct promise by the maker to pay them. The court there said:

"Since the amount of these taxes, rates and assessments is uncertain, the amount of recovery would be uncertain. This provision, therefore, renders the note not merely an unconditional promise to pay a sum certain, but also, in necessary effect, a conditional promise to pay an uncertain sum."

The fact, as urged by appellant, that there was no law in force in this state for the taxation of notes and mortgages would not detract from the effect of the rule. There always remains a possibility during the life of such contracts that they may be subjected to the liability of taxation, and a promise in the note to pay any taxes thereon would leave the amount to be paid indeterminate and open to conjecture upon the contingency of future legislation. See *Carmody v. Crane*, 110 Mich. 508, 68 N. W. 268; *Walker v. Thomp-*

*son*, 108 Mich. 686, 66 N. W. 584; *Smith v. Myers*, 207 Ill. 126, 69 N. E. 858; *Farquhar v. Fidelity Ins. etc. Co.*, Fed. Cas. No. 4,676.

The finding and conclusion of the court as to the nonnegotiable character of the note in controversy is in accord with the case cited, and as the case is controlling, the judgment will stand affirmed.