[No. 36687. Department Two. November 21, 1963.]

MARIUS ANDERSON, *Respondent*, v. MAURICE A. HOARD *et al.*,
*Appellants.**

*Malcolm L. Edwards* (of *Culp, Dwyer, Guterson & Edwards*), for appellants.

*Roberts, Shefelman, Lawrence, Gay & Moch,* for respondent.

DAWSON, J.†—A suit on a promissory note by plaintiff, endorsee, resulted in judgment against defendants Maurice A. and Clara Hoard, husband and wife, makers. A second mortgage securing the payment of the debt evidenced by said note was foreclosed in the same action.

Mr. and Mrs. Hoard were not permitted by the trial court to present proof of the defense of usury, and they appeal from the judgment and decree of foreclosure. It is conceded that if the note is nonnegotiable, the trial court committed reversible error in depriving appellants of this defense.

*Reported in 387 P. (2d) 73.

†Judge Dawson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The promissory note contains, *inter alia*, the following:

"Each installment shall be applied as follows:

"First, to the payment of accrued interest;

"*Second, to the payment, at the option of the holder, of such advances as the holder may have made for taxes, assessments or insurance premiums and other charges on any property mortgaged or pledged to secure this note*; and

"Third, to the reduction of the principal of this note.

" . . .

"If default be made in the payment of any installment when due or in the keeping of any covenant of a pledge or mortgage securing this note, then, at the option of the holder, the entire debt hereby evidenced shall become due without notice." (Italics ours.)

Appellants urge that these provisions in the note render the instrument nonnegotiable because RCW 62.01.001 requires that

"An instrument to be negotiable must conform to the following requirements:

" . . .

"(2) Must contain an unconditional promise or order to pay a sum certain in money; . . ."

They rely primarily upon the leading case of *Bright v. Offield*, 81 Wash. 442, 444, 143 Pac. 159. The note in that case provided:

" ' . . . if the maker of this note . . . shall allow the taxes or any other public rates and assessments on the mortgaged property, or any part thereof, securing the aforesaid notes, to become delinquent, or shall do any act whereby the value of said mortgaged property shall be impaired, or in case any taxes or assessments shall be levied against the holder of this note, on account of this note, then upon the happening of any of said contingencies, the whole amount herein secured shall at once become due and payable, . . . ' "

Even though there was no direct undertaking by the maker to pay the taxes and assessments, the court held there was a necessary implication to that effect, which amounted to "a thinly veiled promise to pay the taxes on the mortgaged property." This constituted a conditional promise to pay an additional uncertain amount and rendered the note nonnegotiable.

In *Coolidge & McClaine v. Saltmarsh*, 96 Wash. 541, 165 Pac. 508, a promissory note was held to be nonnegotiable because it contained a provision that the maker should pay, before delinquency, the taxes assessed by the state of Washington on the mortgaged property which secured the note.

The court reasoned that the amount of the note could be rendered uncertain by future taxes. No taxes had been imposed upon the mortgaged property during the period in question, but the mere contingency was sufficient to destroy negotiability.

In *Vancouver Nat. Bank v. Starr*, 123 Wash. 58, 61, 211 Pac. 746, the questioned note provided that the maker " 'agrees to pay all taxes and assessments or governmental charges whatsoever, whether now provided for, or hereafter created, that may be hereafter levied or assessed against or on account of said property, . . .' " The maker also agreed, that, upon his failure to pay any such charge, tax or assessment on the property, the holder was granted the right to make such payments and add them to the principal amount. The court, relying upon *Bright v. Offield, supra,* and *Farquhar v. Fidelity Ins., Trust & Safe Deposit Co.,* 13 Phila. 473, 8 Fed. Cas. 1068, held that the note was nonnegotiable.

Sound reasons support nonnegotiability when the type of circumstances present in the Washington authorities, *supra,* exist.

(1) Future taxes, as well as insurance premiums, are uncertain as to amount.

" . . . An indefinite obligation is obviously unadapted to the exigencies of commercial paper, which derives its peculiar qualities from the intended freedom and facility of its circulation, and the consequent necessity that it should carry upon its face unambiguous evidence of the maker's liability, and should denote, with precision, how much the maker is bound to pay and the holder is entitled to receive.

" . . .

" . . . the notes themselves indicate no standard of measurement. They could only be ascertained by reference to extrinsic circumstances, and thus the amount to be paid by the maker is left indeterminate and subject to possible

contention. Instruments whose consideration is thus fluctuating and indefinite, and which are laden with such embarrassments to their circulation, could not perform the functions, and therefore do not possess the character of negotiable paper." *Farquhar v. Fidelity Ins., Trust & Safe Deposit Co., supra,* (p. 474).

(2) The law merchant and statutes have given negotiable instruments a highly useful and valuable place in the commerce and business of our people but

". . . To permit, by strange and unusual provisions, matters in no way relating to or affecting trade or commerce to be incorporated into them unsettles established rules of construction and makes that dangerous and uncertain which before was definite and well understood. . . ." *Smith v. Myers,* 207 Ill. 126, 135, 69 N. E. 858.

(3) Necessities, usages and customs in the field of commerce and business may indeed dictate growth and change in the law respecting negotiability of promissory notes. However, statutory measurements may not be altered by judicial notice on a record devoid of either evidence of such progression, or its general acceptance.

The Washington rule has been cited without criticism in numerous cases from other jurisdictions. The rule is generally applied elsewhere. Many cases to this effect are collated in 45 A.L.R. 1074 and are found in digests and texts. It must be concluded that the rule announced is supported by the great weight of authority and, we think, by sound reason.

 In view of the foregoing considerations, we hold that the promissory note in the case at bar does not comply with the requirements of RCW 62.01.001. In the first place, the implication of a conditional promise on the part of maker to pay an uncertain sum is strong; certainly as strong as it was under the facts in *Bright v. Offield, supra.* In the second place, the holder is to be reimbursed for taxes, assessments, premiums or other charges, which he may pay to preserve his security. The fact that this application is to be "at the option of the holder," holds no comfort, for it must follow that holder has the right to reimbursement, which, if not satisfied from payments, will obviously be

added to the amount of the note and render it uncertain as to amount. *Vancouver Nat. Bank v. Starr, supra.* The contingency is sufficient to destroy negotiability. *Coolidge & McClaine v. Saltmarsh, supra.*

The note is not negotiable. In view of this conclusion, it is unnecessary to consider other assignments of error raised.

The judgment is therefore reversed and remanded for a new trial.

OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.