INSURANCE AGENCY MANAGERS,
Appellant,

v.

Albert R. GONZALES, Appellee.

No. 17242.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 11, 1979.

Ron J. West, Houston, for appellant.

Vinson & Elkins, Michael C. O'Connor, Houston, for appellee.

EVANS, Justice.

This is an appeal from a take nothing judgment entered in favor of the defendant in a suit on a retail installment contract.

The contract executed by the defendant, Albert R. Gonzales, and Edward Lumber & Building Company on September 24, 1974, reflects the defendant's agreement to purchase certain home improvements for a total price of $3,860.00, and to make payments of principal and interest in eighty-four successive monthly installments of $72.48 each, totaling the sum of $6,088.32. Edward Lumber & Building assigned its position under the contract to Houston Citizens Bank, and upon the defendant's default a claim was made upon the bank's loan insurer, Insurance Agency Managers, for payment of the balance due. Insurance Agency Managers then paid the claim and upon receiving an assignment from the bank, brought this action against the defendant for the sum of $3,593.32, representing the balance owing under the contract.

The jury found, among other things, that Edward Lumber & Building Company had failed to substantially complete the home improvements in a good and workmanlike manner as required by the contract; that the reasonable cost of completing the work was in the amount of $2500.00; that at the time the contract was signed the defendant had not received a copy of the contract with the annual percentage rate specified therein; that the authorized representative of Edward Lumber & Building Company knew that the construction of the improvements had not been completed at the time he accepted a certificate of completion from the defendant; and that the building company's actions were unconscionable to the detriment of the defendant.

The trial court judgment decreed that the plaintiff take nothing against the defendant with respect to any and all indebtedness owing under the contract and dismissed, without prejudice, the defendant's counterclaim for affirmative relief, finding that the damages claimed exceeded the jurisdiction of the court.

The initial question for this court's determination is whether the defendant's claims and defenses against Edward Lumber & Building Company were cut off by the as-

signment from the original holder of the contract to Houston Citizens Bank. Arguing that this was the effect of the assignment, the plaintiff points to the language contained in Article 5069–6.07 Tex.Rev.Civ. Stat.Ann. pertaining to the assignment and negotiation of retail installment contracts:

"  *   *   *   No right of action or defense of a buyer arising out of a retail installment transaction which would be cut off by negotiation, shall be cut off by negotiation of the retail installment contract .  .  .  to any third party unless such holder acquires the contract relying in good faith upon a certificate of completion  .  .  .; and such holder gives notice of the negotiation to the buyer as provided in this Article, and within thirty days of the mailing of such notice receives no written notice from the buyer of any facts giving rise to any claim or defense of the buyer.  *   *   *  "

It is the plaintiff's contention that since the record shows that Houston Citizens Bank notified the defendant of its purchase of the contract in compliance with the provisions of the statute and because the defendant failed to give notice to Houston Citizens Bank of any claims or defenses which he might have in reference thereto, the terms of the statute preclude the defendant from asserting such claims or defenses against the plaintiff in this suit.

■ The provisions of Article 5069–6.07 do not create a new classification of negotiable instruments, but merely impose restrictions upon the ability of a holder of a retail installment contract to cut off actions or defenses by negotiation of the instrument. Boyle, Preservation of Claims and Defenses under the Texas Business and Commerce Code and under the Texas Consumer Credit Code, 8 St. Mary's L.J. 679 (1977), and Snell, Assignee Liability under the Texas Consumer Credit Code, 8 St. Mary's L.J. 696 (1977). Thus, in the case at bar, this court must determine whether the retail installment contract in question is a negotiable instrument within the meaning of the Texas Business and Commerce Code.

■ In order for a writing to be negotiable under the Code, it must contain "an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer" except as authorized by the chapter dealing with commercial paper. Tex.Bus. & Comm. Code, Section 3.104(a)(2).

It has been held that a retail installment contract is not a negotiable instrument within the meaning of the Uniform Commercial Code where it contains, among other things, a provision authorizing the holder to waive particular defenses or remedies without waiving others and to purchase property insurance. *Geiger Finance Co. v. Graham*, 123 Ga.App. 771, 182 S.E.2d 521 (1971). The contract in question contains provisions of similar import.

The contract under consideration also provides that the secured party may at any time pay any taxes, assessments, interest, cost, penalties, insurance premiums or expenses pertaining to the collateral and may demand payment of the full amount thereof with interest. A contract with similar provisions was held to be non-negotiable in *Anderson v. Hoard,* 63 Wash.2d 290, 387 P.2d 73 (1963).

The contract in the case at bar also contains a covenant that the collateral will be used primarily for personal, family or household purposes and will remain in the owner's possession or control at all times and at his risk of loss. A provision of similar nature resulted in a conditional sales contract being held to be non-negotiable in *Hudiburg Imported Cars, Inc. v. R. E. Hart,* 383 P.2d 650 (Okl.1963).

The provisions of the retail installment contract in the case at bar show that it is not a negotiable instrument within the meaning of the Texas Business and Commerce Code, and the trial court properly concluded that such claims and defenses as the defendant had against Edward Lumber & Building Company could be asserted against the plaintiff in this action.

■ The plaintiff does not challenge the jury's finding that Edward Lumber &

Building Company failed to substantially complete the work in accordance with the contract. Neither does the plaintiff directly challenge the sufficiency of the evidence to support the jury's findings that Edward Lumber & Building Company's representative knew at the time he accepted the certificate of completion that the construction of the improvements had not been completed. On the basis of these findings the trial court properly concluded that the plaintiff was not entitled to recover on the contract even though the defendant may have received some benefit from the work performed. *City of Sherman v. Connor,* 88 Tex. 35, 29 S.W. 1053 (1895).

The plaintiff's petition seeks recovery upon the contract and does not allege that he is entitled to relief upon quantum meruit; the contract sued upon is an entirety, and since the contract was only partially performed, the plaintiff is not entitled to recover any part of the contract price. *Kepley v. Zachry,* 131 Tex. 554, 116 S.W.2d 699 (1938).

Under certain circumstances, equity may require an owner to account for the reasonable value of benefits received in the way of material furnished or labor performed by a contractor who has failed to substantially perform the terms of the contract. *Murphy v. Williams,* 103 Tex. 155, 124 S.W. 900 (1910); *City of Sherman v. Connor,* supra. However, the contractor's right to equitable relief must be established and his recovery is limited to the reasonable value of that which the owner actually received. *United States Pipe & Foundry Co. v. City of Waco,* 100 S.W.2d 1099, 1112 (Tex.Civ.App.—Waco), affirmed, 130 Tex. 126, 108 S.W.2d 432 (1937). In the case at bar the record does not establish, as a matter of law, the value of the items of labor and material which were received by the defendant in the performance of the work. Furthermore, in view of the jury's finding that the plaintiff's actions were unconscionable, the trial court was not required to grant relief to the plaintiff based upon equitable considerations.

Since the judgment of the trial court may be sustained on the basis of the jury's finding that Edward Lumber & Building Company failed to substantially perform the contract, it is unnecessary to consider the plaintiff's point of error regarding the finding that the defendant failed to receive a disclosure of the annual percentage rate being charged under the contract as required by 15 U.S.C. Section 1638(b) and 12 C.F.R. Section 226.8(a). It is also unnecessary to consider the plaintiff's points of error concerning the defendant's counter-claim for affirmative relief because such counter-claim was dismissed without prejudice prior to entry of the judgment and no crosspoint complaining of such dismissal has been brought forward on this appeal.

The judgment is affirmed.